## King, Executor, *v.* Hicky.

A third possessor, sued in an hypothecary action, cannot plead that the notes given for the
original debt are prescribed.　Prescription is an exception which the debtor and his
creditors alone can plead.　The obligation subsists until they avail themselves of the pre-
scription ; courts of justice cannot supply it.

KING
*v.*
HICKY.

A purchaser in possession of real estate, sold by order of the probate court free of encumbrance, by whom the price has not been paid, may be condemned, in an hypothecary action by a mortgagee entitled to be paid out of the proceeds of the sale, to pay to the latter so much of the price as may be necessary to discharge his claim, where the representative of the deceased mortgagor, though notified of the proceeding, makes no opposition to it, and no creditor claims any superior privilege on the price. The purchaser is but a stakeholder, bound to account either to the plaintiff, or to the succession of the mortgagor.

APPEAL from the District Court of East Baton Rouge, *Johnson*, J. At a sale of the estate of *Merriman*, in 1833, *Walsh* purchased two slaves, giving his promissory notes for the price, with a mortgage on the slaves to secure their payment. The heirs of *Merriman* transferred the notes and mortgage to plaintiff's testator, *Bowen*, subrogating him to all their rights to the notes and mortgages. On the 18th January, 1845, the notes were protested for non-payment, after a demand made of the maker. On the 9th of April following demand of payment was made of the defendant, *Hicky*, as third possessor, and on the 2d of May ensuing, a second demand was made of him. The plaintiff thereupon instituted this hypothecary action. The defendant pleaded: 1st. The general issue. 2d. That he purchased the slaves at a probate sale of the community existing between *Walsh* and his *wife*, on 31 August, 1836, and that they were sold free of all encumbrances. 3d. The prescription of five years. There was a judgment below in favor of the defendant, on the grounds, that the claim was prescribed, and that the slaves were sold free from encumbrance, leaving the plaintiff to look for payment to the proceeds of the sale. The plaintiff appealed.

*Elam*, for the appellant. The sale under which the defendant holds the slaves, did not extinguish *Bowen's* mortgage. The principle that, a sale of property by order of a Court of Probates extinguishes all mortgages, had its inception in the case of *Lafon's Executors* v. *Phillips et al.*, 2 Mart. N. S. 225, reviewed in the case of *De Ende* v. *Moore*, same vol. 336, assimilating it to the *cessio bonorum*, where all the creditors are presumed to be represented claiming a sale of the property for the purpose of paying the debts of the deceased. This principle was adapted to the provisions of the laws then in force, which placed the estate of the deceased, not accepted by his heirs, under the administration of the law, which required the judge to sell all the property for the purpose of paying the debts. This rule has been extended from time to time, to suit the equity of cases as they arose, but has never been, and never can be, extended to sales not made for the purpose of paying the debts of the deceased, and when the proceeds do not remain subject to the orders of the Probate Court. This rule cannot be made to apply to sales made to effect a partition. C. C. arts. 1261, 1262, 1263, 1370, 1382, 1395.

In this case, the titles to the slaves were in *Walsh*, and if they made a part of the community, it is not shown that they were sold to pay the debts, for no debts are shown to have existed, other than the debt to *Bowen*. The avowed object of the sale was to effect a settlement with his minor children, and not to pay *Bowen's* debt. *Walsh*, as tutor to his minor children, could not cause the property of the community to be sold to effect a settlement with them. *Stafford* v. *Villain et al.* 10 La. 319, and *McGehee* v. *Dupuy, Under-tutor, et al.* 7 Robinson, 229, nor to effect a partition without being authorized by the judge by the advice of a family meeting. C. C. art. 1235. All the law would sanction would have been an adjudication to him at the appraised value, to be held subject to the mortgage in favor of the minors. C. C. art. 338. The title to the slaves was not changed by the proceedings of the Probate Court, and could not in any wise effect *Bowen's* mortgage. *Bowen* should have been notified of the application to sell the property on which his mortgage rested. C. P. arts. 990, 192. 6 Rob. 302. If the judge cannot grant an order *ex parte* to erase and cancel a mortgage resting on property sold under his authority, that mortgage is not erased *ipso jure*. *Vide* 5 La. 330. 6 Rob. 301. This is a case in point; the sale under which *Hicky* bought, did not cancel the mortgages of the

<div style="float:right">KING
v.
HICKY.</div>

minors, much less the mortgage of *Bowen.* "The law should be construed strictly to save a right, and liberally to give a remedy." 1 Baldwin's C. C. R. 316. 1 Peter. Dig. p. 581, sec. 36.

*T. G. Morgan,* for the defendant. The note given by *Walsh* is prescribed, and consequently the mortgage also. C. C. art. 3505. *Shields* v. *Brandegee,* 4 La. 326. All mortgages imposed on the property by *Walsh* were released and cancelled by the sale made by the Court of Probates, and the defendant acquired the slaves free from all mortgages or encumbrances, leaving the creditors of the estate of *Mrs. Walsh* to their legal recourse on the proceeds of such sale, or against *Walsh* individually. C. P. arts. 938 to 996. *Lafon's Executors* v. *Phillips,* 2 Mart. N. S. 225. *De Ende* v. *Moore,* 2 Ib. 336. *French* v. *Prieur,* 5 Rob. 299, and cases there cited. The necessity of selling the slaves, upon whom the plaintiff claims to have a mortgage, is apparent from the fact disclosed by the plaintiff, that the price due to the vendors had not been paid.

The judgment of the court was pronounced by

ROST, J.* This is an hypothecary action, instituted against the defendant, as third possessor, and the prayer of the petition is, that he pay the plaintiff's claim, or that he surrender the property mortgaged. He answers that he holds the slaves in controversy under a probate sale, by which the mortgage has been extinguished. He also pleads the prescription of five years against the notes, to secure the payment of which the mortgage was given. Judgment was rendered in his favor, and the plaintiff appealed.

Under the state of facts presented by this case, the defendant is without capacity to plead the prescription of five years upon the notes. That prescription is an exception which the debtor and his creditors alone can plead, and the obligation subsists until they avail themselves of it; if they do not, courts of justice cannot supply it. It is in evidence that a demand was made of the original debtor, more than thirty days before the institution of this suit, and it does not appear that he refused payment on that ground.

As the succession had debts it is a fair presumption that the probate sale was made to pay them, and we will, for the purposes of this enquiry, consider that the slaves claimed passed into the hands of the defendant free from previous encumbrances, the plaintiff being entitled to be paid out of the proceeds.

Under the late decision of this court in the case of *Boguille* v. *Faille,* 1 An. R. 204, if the mortgage still existed, the plaintiff would have the right to cause the property subject to it to be sold, and to receive the proceeds. C. P. art. 68. C. C. art. 3361.

Here the property was sold ten years ago, to effect the settlement of a succession. The person who had charge of it, and who was the original debtor of the plaintiff, has rendered no account whatever of his administration; although notified of these proceedings, he has made no opposition to them, and no creditor has appeared claiming superior privileges on the proceeds of the property.

The price of the adjudication is traced by the plaintiff into the hands of the defendant, and identified. It is not pretended that any portion of it has been *bond fide* paid to the representative of the succession, and the defendant stands in the capacity of a stakeholder bound to account either to the plaintiff, or to the succession from which he purchased.

The sum in his hands, with the interest that has accrued upon it, is more than sufficient to pay the plaintiff's claim, and we consider him entitled to be

---

* KING, J., being a party to this case, did not sit.

King
v.
Hicky.

paid out of it, as he would have been, if the slaves had been sold under an hypothecary action, instituted by him.

It is therefore ordered that the judgment be reversed, and that there be judgment in favor of the plaintiff for the sum of $1,274 85, with interest at the rate of ten per cent per annum, from the 18th of May, 1835, until paid, and costs in both courts.*

---

* *Morgan*, for the defendant, prayed for an amendment of this decree, so as to allow the defendant to surrender the mortgaged property, and thereby exonerate himself from personal responsibility.                                        *Refused.*