Hon. R. H. MARR,  
Hon. A. DeBLANC,  
Hon. W. B. SPENCER, } *Associate Justices.*  
Hon. W. B. EGAN,

---

### No. 990.

SUCCESSION OF RAPHAEL ROMERO. ON OPPOSITION TO ACCOUNT.

<div style="float:right">

29 493  
51 1673  

29 493  
109 288

</div>

The acknowledgment of a succession debt by the administrator, interrupts its pre-scription.

A debt of a succession, once acknowledged by the administrator, whether the debt be in the form of a note, or open account, if prescriptible thereafter, is only pre-scribed in *ten* years.

APPEAL from the Parish Court, parish of St. Martin. *Fournet, J.*

*L. J. Gary, Edward Simon,* and *DeBlanc B. Fournet,* for appellant.

*F. & M. Voorhies* and *Mouton & Martin,* for opponent.

The opinion of the court was delivered by

MANNING, C. J. ·The succession of ·Raphael Romero was opened in 1865, and was administered by Cleophas Romero until his own death. In 1869 Numa Babin was appointed administrator, and filed an account some years afterward, which was opposed by the heirs and by some of the creditors. The plea of prescription of five years is opposed by them to several claims, admitted by the former administrator to be just, and placed by the present administrator upon his tableau of distribution.

The claim of Lafitte, Dufilho & Co. is one of them thus opposed. These creditors had instituted suit against the first administrator and obtained judgment upon their note. The plea is based upon an allegation that the citation which preceded the judgment was so defective that the judgment was a nullity, but these defects are not pointed out. The objection was frivolous, and was so held by the lower court.

The same disposition was made of other oppositions, but some of them were maintained, and it is only necessary for us to review the judgment as to them.

Sylvestre Romero holds a note of the deceased for thirteen hundred dollars and interest, payable on demand, and dated twenty-third of February, 1861. He presented this note to Cleophas, the first administrator, on the twentieth of January, 1866, for recognition, and he wrote on the back of it the following:

"I acknowledge that this note is due, less the amount on the back. I will pay it in the course of my administration of the succession of Raphael Romero. Dated twenty-sixth of January, 1866.

         "CLEOPHAS ROMERO, Administrator."

On the twelfth of April, 1870, Babin paid Sylvestre Romero two hundred dollars out of the succession funds, in part of this note.

On the tenth of March, 1875, the administrator filed his tableau of distribution, and placed thereon this note as an acknowledged and recognized debt of the succession.

The administrator receipted to his attorney on the seventeenth of April, 1876, for a payment made on this note, and, notwithstanding this continuous recognition, and, we presume out of abundant caution, suit had been instituted on the note and citation served on the administrator on the thirtieth of January, 1871.

It is difficult to comprehend how a plea of prescription can be successfully opposed to this note.

Our law for the settlement of successions does not contemplate or encourage suits against them except when the representative of the succession refuses to recognize the claims. All persons holding claims against deceased persons are required to present them to their representatives, and if they shall recognize the claim as valid and just, and write on the back of it, or on an annexed paper, a statement to that effect, the holder of the claim is not expected to bring a suit upon it, and if he does, the succession is not chargeable with the costs. It is evident that the judge of the court a qua applied the prescription of five years in his judgment sustaining the opposition, and this is an error. Before the prescription applicable to notes (i. e. five years) had accrued the holder of the note had obtained the written acknowledgment of the administrator in exact conformity with the requirements of the Code of

Practice, articles 984 *et seq.* If any prescription was applicable to this acknowledged claim thereafter, it could only be that of ten years.

The accounts of Cleoma Romero, Aristide Romero, and other heirs were sworn to before a justice of the peace as being correct, a practice that has grown up in this State, to serve what purpose it is, difficult to conjecture. They were never acknowledged by the administrator, and are prescribed.

The commissions of the administrator were rightly reduced to two and a half per centum upon that part of the succession property that he had already administered. The practice of administrators charging their full rate of commission upon the whole of the inventoried property before their final account, and consequently before it can be known that they will administer the whole succession, is apt to entail upon estates double commissions when, as in this case, there have been two administrators.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be reversed as to that part thereof which sustained the opposition to the note of Sylvestre Romero, and that said claim remain on the tableau of distribution of the administrator as classified by him, and that in all other respects said judgment is affirmed, the costs of the oppositions to Sylvestre Romero in both courts to be paid by the opponents, and all other costs to be paid by the appellants.