## No. 12,370.

ERNEST B. BAKER ET AL. VS. JOHN M. LEE AND JULE W. PARKS.

1. When mortgage creditors with a common interest, whose aggregate claims exceed two thousand dollars, unite in a suit to have canceled, on the ground of simulation, a mortgage exceeding two thousand dollars, the judgment in their suit is appealable. 2 An. 984; 43 An. 1041; 2 An. 908; 35 An. 206.

2. The sheriff's act of sale stating compliance by the purchaser with the terms of of sale, spread on the public records, will protect the *bona fide* mortgagee who acquires his mortgage for value from the recorded owner on the faith of his title. This case is distinguished from that of the People's Bank vs. David, recently decided.

3. The members of a planting firm acquiring immovable property become joint owners, and a mortgage by one, though using the firm name, will bind only his half of the property. C. C., Art. 2870, par. 5; 3 La. 497; 10 La. 420; 17 La. 596; 47 An. 346.

4. A mortgage can not be established by parol, nor will a ratification in writing relate back so as to give that validity to the prejudice of other creditors to the alleged mortgage it did not possess when executed. Civil Code, Art. 3365; 2 La. 572.

.5. The clerk of the District Court, *ex-officio* parish recorder, is liable for the loss arising from his omission to record in the book of mortgages and privileges an act of sale placed in his hands, giving rise to the vendor's privilege and reserving a mortgage for the unpaid portion of the price. Constitution, Art. 121; Revised Statutes, Secs. 3550, 3580, 3066, 3094; C. C. 2234.

APPEAL from the Fifth Judicial District Court for the Parish of Ouachita. *Potts, J.*

*Gunby & Sholars* and *A. A. Gunby* for Plaintiff, Appellant.

*Boatner*, *Potts & Hudson* for Meyer Brothers, Defendants in Rule, Appellees.

*Stubbs & Russell* for C. C. Madden, Defendant and Appellant.

*E. T. Lamkin* for I. Garrett, Defendant, Appellee.

Argued and submitted January 22, 1897.
Opinion handed down February 1, 1897.
Decree supplemented, rehearing refused March 1, 1897.

The opinion of the court was delivered by

MILLER, J.   This appeal is by plaintiffs, heirs of one of the parties in a partition suit from the judgment on their rule to erase a mortgage granted by the adjudicatees of the succession property, and which ranks that of the heirs upon the property to secure the price of the adjudication.   The defendants in the rule were those holding the mortgage notes of the adjudicatees and the sheriff and the clerk. The mortgage securing these notes was attacked as fraudulent; the petition further avers that the property, having been purchased at a sale made to effect a partition in which minors were interested, the sale being on terms part cash and part in the notes of the adjudicatees now held by the plaintiffs, the heirs, that no title vested in the adjudicatees without payment of their notes, and hence the mortgage granted by them is void.   In the petition it is also claimed that the mortgage assailed was not executed by the adjudicatees, because signed in the name of their planting firm by one of them; and it is

charged also that the mortgage notes given by the adjudicatees were acquired by defendants after maturity and with knowledge that the notes were fictitious. The clerk and sheriff are sought to be held in the event of the failure of the attack of plaintiffs on the mortgage. Their liability is urged on the ground of their omission to record the sheriff's act of sale of the succession property, the judgment in the partition suit directing that the credit portion of the price should be secured by mortgage, which duty imposed by the judgment could only be accomplished by the registry of the act as a mortgage, and by the omission of this duty the adjudicatees were enabled to create the mortgage the heirs now find opposed to them. The defendants, the note holders, deny all allegations impugning their mortgage, aver the acquisition of the mortgage notes in good faith for value and before maturity, and the sheriff and clerk deny liability. The judgment of the lower court maintained the mortgage granted by the adjudicatees, dismissed the demand against the sheriff and decreed the clerk liable for the notes held by plaintiffs in rule. From that judgment this appeal is by plaintiffs and the clerk.

There is a motion to dismiss the appeal on the ground that the notes held by each of the heirs is not sufficient to give jurisdiction. The heirs or some of them join in the rule to erase the defendant's mortgage. The amounts of the notes held by them exceed two thousand dollars. The mortgage attacked by them is seven thousand dollars. It is virtually a contest as to the validity of this mortgage, each in amount exceeding two thousand dollars. The plaintiffs have a common interest and the defence is the same of each note holder claiming adversely to the plaintiffs. We think the case is appealable. Williams vs. Vance, 2 An. 908; Colt vs. O'Callaghan, 2 An. 984; Kahn & Bigart vs. Sippili, 35 An. 1041; Bier vs. Gautier & Godchaux, 35 An. 206.

The sale of the property was made by the sheriff in precise accordance with the order of the court, the price payable part cash and the residue in notes, the usual mortgage to be retained. The adjudicatees were John M. Lee and J. M. Parks. The purchasers complied with the terms; the act stated that compliance and the reservation of the mortgage to secure the credit portions of the price. The sheriff handed the act to the clerk *ex-officio* the recorder, but he failed to record the act in the appropriate book to exhibit mortgages

and privileges. Thereafter, the mortgage was executed by the pur-
chasers under which defendant's claim, the mortgage certificate
exhibiting no mortgage to secure the price of the adjudication by
the sheriff. The effort of the plaintiffs is to overcome the difficulty
they encounter in this mortgage of the adjudicatees, and that diffi-
culty is due to the omission of registry of the mortgage arising in
plaintiffs' favor as heirs from the sheriff's sale of the succession
property.

The sheriff's sale passed the ownership. The title of the pur-
chasers standing on the records gave validity to the mortgage
granted by them. Richardson vs. Hyams, 1 An. 286; Boudreau vs.
Bergeron, 4 An. 84; Thompson vs. Whitbeck, 47 An. 49. The act
announced that a mortgage was reserved for part of the purchase
price, but that recital was not at all restrictive, but, on the contrary,
affirmed the right to sell subject to such mortgage as the records
might show. In the recent case of The People's Bank vs. David,
*ante*, p. 344, the act relied on to convey ownership shows on its face
that no cash was paid, but was yet to be paid to complete the parti-
tion, and we held the act was notice to the parties who took a mort-
gage with knowledge of this incomplete title of the mortgagors.
Here the title of the purchasers at the sheriff's sale was complete by
the payment of the cash and the giving of the notes required by the
terms of the sale. The mortgagee had no duty to see that the notes
were paid. If not paid, he had the right to assume that the mort-
gage certificate would disclose the non-payment. The mortgage,
never recorded, resulted in the] furnishing a clear certificate on
which the defendants in rule acted and had a right to rely. We
think, therefore, the *non*-payment of the notes given by the pur-
chasers affords no ground to attack the mortgage they made.

The mortgage granted by the purchasers, as is usual when nego-
tiable notes are to be issued, is in favor of a nominal party. The
testimony shows that the notes were afterward acquired for value
before maturity by the present holders. The fact there was no debt
due to the mortgagee named in the act is no ground to assail the
mortgage, nor does the taking the notes as collaterals for debts of
the mortgagors at all affect the title of the parties as holders for
value. Brewer vs. Gay, 24 An. 35. The testimony, however,
discloses that there has been a payment to one of the holders,
the Ouachita Bank, on account of the principal debt, the credit

for that payment being in suspense by a garnishment from the other note holder, Meyer Bros. It seems to us that credit should be attributed to the debt of one or other of these parties, and thus the amount of the mortgage notes having priority over plaintiffs' debt may be diminished. So, again, the testimony shows an attachment by Meyer Bros. against the mortgagors, and the result of that attachment is not ascertained. It may be that there is a credit from this source on the Meyer debt, and a consequent diminution of the amount they are entitled to claim on the collateral mortgage note. The plaintiffs in the rule must, of course, suffer by the omissions to record their mortgage, but they are entitled to have the mortgage confronting them reduced by all proper credits, and as this suit will have to be remanded, our decree will provide for the ascertainment of all credits.

The extent of the mortgage of the defendants in rule is the next inquiry. It is too clear to need more than the statement that John M. Lee and J. W. Parks were joint owners by their purchase at the sheriff's sale, and neither could mortgage the undivided half of the other. The act of mortgage is signed Lee & Parks, and is executed by Lee alone. It is now claimed that Parks authorized its execution. Under our law the mortgage must be in writing, and parol proof is inadmissible. Hence the effort to show by testimony that Parks authorized the mortgage must fail. Civil Code, Arts. 2870, 3365, par. 5; Skillman vs. Purnell, 3 La. 497; Bach vs. Ramos, 10 La. 420; Calder & Co. vs. Their Creditors, 47 An. 346; Moore, Collins' Administrator, vs. Louaillier et al., 2 La. 572. Nor is the position of defendants in rule improved by the written ratification tendered on the trial of the rule by Parks of the mortgage by his planting partner. If there was no mortgage effected on Parks' one-half by the mortgage signed by Lee, it could not be created by a ratification tendered afterward; at least not to the prejudice of plaintiffs. It results that the mortgage is operative only on the one-half of Lee.

The clerk of the District Court is under the Constitution parish recorder. Art. 121. It is his duty to record all acts embracing a mortgage or privilege on the book provided by law for such registry. Revised Statutes, Secs. 3550, 3080, 3066, 3083, 3094; C. C., Art. 2234. The act of sale by the sheriff under consideration in this case was delivered to the clerk by the sheriff, and the duty of registry was at at once imposed on the clerk by the law. It is of no avail to urge hat no instructions to register were given by the parties or by the

sheriff. The law gave the direction. We are of opinion, therefore, that the clerk is responsible for the omission to record the act, the omission resulting in enabling the purchasers at the sheriff's sale to create the mortgages on the property which defeats that in favor of the heirs directed to be reserved by the judgment in the partition suit.

We are asked to reverse the judgment of the District Court and hold the sheriff liable. His function, we think, was fully discharged when he delivered the act to the clerk. No instruction from the sheriff was requisite.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed in so far as it dismisses the demand against the sheriff, in other respects be avoided and reversed; and it is now ordered, adjudged and decreed that the mortgage securing the notes held by the Ouachita National Bank and Meyer Bros. be and is hereby decreed to be operative upon and restricted to the one undivided half of John M. Lee of the property acquired by him and Jule W. Parks at the succession sale, and be erased and canceled so far as it affects the other half owned by said Parks that the bank and Meyer Bros. furnish an account of the collaterals in their hands, to secure the debts due them by Lee & Parks, the collections thereon and the consequent credits on the said debts; that Meyer Bros. furnish a statement of the result of their attachment suit against said Lee & Parks and of the credit on their debt arising from said attachment, and that on proof to be made by the parties, the debts for which said two mortgage notes are held by the bank and said Meyer Bros. be fixed and the mortgage securing said two mortgage notes, and decreed operative only on one-half of the property, and be also restricted to the amount found to be due said bank and Meyer Bros., and for any residue of the notes held by plaintiffs and sued on herein left unsatisfied by the sale of the property acquired by said Lee & Parks at said succession sale, that plaintiffs have judgment against Madden, said judgment to be given in the present suit or in such other suit as plaintiffs may bring, and their right to institute suit against said Madden and his sureties is reversed, and it is further ordered that defendants pay costs.

## ON APPLICATION FOR REHEARING.

On this application for the rehearing our attention is directed to that part of our decree condemning defendants to pay costs. The litigation is between the plaintiffs, and not the original

defendants, but the defendants in the rule to erase mortgages.  Our judgment is against the defendants in the rule, not against the original defendants.  We will therefore make our judgment more specific as to costs.

It is therefore ordered, adjudged and decreed that our former judgment be so amended as to direct, and accordingly it is now ordered and decreed that the defendants in the rule to erase mortgages, the Ouachita National Bank and Meyer Bros., pay the costs on that rule incurred in the lower court and on this appeal; in all other respects our former decree to remain unchanged, and to stand as rendered.