(58 South. 858.)

No. 19,376.

HORTON v. HARALSON et al.

(May 20, 1912. On Application for Rehearing, June 19, 1912.)

*(Syllabus by the Court.)*

1. EVIDENCE (§ 332*) — ADJUDICATION—ABSENCE OF JUDGE.

An entry in the minutes that the judge was absent at the time some of the defendants in these proceedings were adjudged bankrupts is sufficient evidence of such absence, and, where it appears from the record that a certain person was the referee, that is sufficient to make proceedings before him admissible in evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1237–1246; Dec. Dig. § 332.*]

2. LIMITATION OF ACTIONS (§ 110*) — PRESCRIPTION — SUSPENSION — PENDENCY OF BANKRUPTCY PROCEEDINGS.

As one of the defendants herein was not a party to the bankrupt proceedings, these proceedings did not have the effect of interrupting prescription as to him, as he might have been sued in the state courts while the bankrupt proceedings of the other defendants herein were pending.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 520; Dec. Dig. § 110.*]

3. HUSBAND AND WIFE (§ 221*)—EFFECT OF PROCEEDINGS—MARRIED WOMEN.

Where a married woman has not been authorized by her husband to be a party to bankruptcy proceedings, or where her husband is not cited with her in these proceedings, the proceedings are a nullity as to her. The mere fact that the husband, as a creditor, proves up his claim in these proceedings, does not have the effect of authorizing his wife to stand in judgment in the proceedings, and he is not estopped from denying the want of authority in his wife.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 707, 802–806; Dec. Dig. § 221.*]

4. HUSBAND AND WIFE (§ 160*)—DISABILITIES — CAPACITY TO CONTRACT — "PUBLIC MERCHANT."

A married woman "is a public merchant if she carries on a public trade," but she is not a public merchant merely because she passively permits her brothers to operate a store, under the name of "Estate of E. Barousse," in which she has inherited an interest, and is therefore not separately bound for the debts incurred in the operation of this store.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 631–633; Dec. Dig. § 160.*]

5. HUSBAND AND WIFE (§ 146*)—CONTRACTS OF WIFE—LIABILITY OF HUSBAND.

As the husband had no interest in the store, and as his wife is in no way liable, he is necessarily free from liability.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 556–560; Dec. Dig. § 146.*]

6. LIMITATION OF ACTIONS (§ 110*) — PRESCRIPTION — SUSPENSION — BANKRUPTCY PROCEEDINGS.

The surrender in bankruptcy had the effect of suspending prescription as to all parties properly in such proceedings.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 520; Dec. Dig. § 110.*]

Appeal from Eighteenth Judicial District Court, Parish of Acadia; Wm. Campbell, Judge.

Action by H. M. Horton against Mrs. E. F. Haralson and others. From a judgment dismissing the suit, plaintiff appeals. Affirmed in part, and reversed and rendered in part.

See, also, 130 La. 100, 57 South. 643.

Smith & Carmouche, for appellant. Story & Pugh, for appellees.

BREAUX, C. J. The defendants are the heirs of age of the late Edgar Barousse and Mrs. Eugenie Florence Hayes, his widow, who is now the wife of Fred W. Haralson.

The late Edgar Barousse left property, movable and immovable. The assets of his succession amounted to about $25,000; his liabilities, $10,000.

The heirs of Barousse lost all of the property in a short time. They did not have it partitioned, but left the property in common to be administered by the brothers in charge under the name of the "Estate of Barousse." It owned a country store.

In about 18 months after the death of Edgar Barousse, the affairs of the succession were in a bad condition financially. The United States bankruptcy court took charge of the property. There were proceedings had in the bankruptcy court; but, although the parties to the bankruptcy applied for a discharge, they were not discharged.

In the suit before us for decision, all the creditors joined in a lengthy petition, in which each claimed the amount due him, and asked that the heirs be made defendants, and that each be condemned to pay the aggregate of the respective claims of the creditors.

Eva Barousse, one of the heirs, and Edward Daigle, her husband, individually and to authorize her, were defendants.

Edward Daigle, in his answer, denied all indebtedness. He denied that his wife conducted a business of her own or held herself out as a public merchant. He alleged that she neither bought nor sold merchandise and had naught to do with the management or administration of the affairs of the succession of the "Estate of Barousse" or with its store; that her interest was paraphernal, inherited from the succession of her father, Edgar Barousse, for the debts of which or of the partnership he was not liable.

Mrs. Daigle's defense was substantially similar to that of her husband.

The heirs of Barousse appeared in a separate answer and alleged that they were not liable. All the defendants pleaded the prescription of three and of five years.

The judge of the district court dismissed the suit.

Plaintiff appealed.

[1] During the trial, plaintiff offered copies of the proceedings in bankruptcy. The defendants objected and urged that there was no proof in the record that the late Thomas T. Taylor was ever referee in bankruptcy. They also objected for the reason that it did not appear, as urged by defendants' counsel, that the judge of the Western district was absent at the time that the defendants were adjudged bankrupts by Referee Taylor.

As to the first objection, there is ample proof in the record that Taylor was the referee in bankruptcy. It was in due form. It was argued that some of the evidence was not primary. The evidence was admissible, and not secondary, as urged. It was record testimony, reciting that he was the referee.

As relates to the second ground of objection, to wit, the absence of the district judge at the date that the referee adjudged defendants bankrupts, there was an entry made in the minutes of the fact that the district judge was absent. The defendants applied for a discharge in the bankruptcy proceedings. Although they did not obtain it, it is now late in the proceedings to urge the objections we have just noted and overruled.

We take up for decision the objection urged by defendants to the claim of A. Adler as not having been transferred to plaintiff, and therefore not a claim upon which plaintiff can sue. The firm of Adler & Co. was in the hands of liquidators, who transferred the claim in due form to the plaintiff; all parties consenting. We have found no merit in this defense.

This brings us to the defense urged by Edward Daigle. He was not a bankrupt and was never cited in the bankruptcy proceedings. It was sought to make his wife, who was one of the heirs of the late Edgar Barousse, a party to the proceedings. These proceedings to make her a party were null by reason of the fact that her husband was never cited to assist and authorize her and she was never authorized by the court. Daigle never appeared in the proceedings at all except as a creditor. He appeared in the bankruptcy proceedings to prove a claim which he held against the bankrupt. Beyond proving this claim, he was not a party to the proceedings at all.

Plaintiff urged that he was estopped from questioning the binding effect of the bankruptcy proceedings because he had proved up his claim in those proceedings, and from this plaintiff would have it that he had indirectly assisted and authorized his wife, who had been illegally cited, as before stated.

Plaintiff's further contention was that he (Daigle) was bound in solido with his wife and the other heirs, and that, as his wife was a party to the proceedings, prescription was suspended both as related to the wife and the defendant husband.

As relates to the prescription of three and five years interposed, three years had elapsed from the date the open account held by plaintiff became due to the filing of the suit, unless the bankruptcy proceedings suspended prescription.

[2] We take up, in the first place, the plea of prescription in so far as relates to the defense of Daigle which we now have in hand. We cannot agree with the view that there was a suspension of prescription as to him. Plaintiff could have sued him in the state courts at any time had he been liable. He would not have been heard to urge the bankruptcy proceedings in any way as a defense because he was not a party to them. Again, he cannot be held for the acts of others. They could not have the effect of rendering him liable. But it is said that he was liable because bound with his wife, and that this obligation was in solido. It is mere supererogation to state that parties are not bound in solido unless they expressly bind themselves, or that he was bound by some special provision of law. They were not expressly bound hereto; that is, Mrs. Daigle and her husband. As to the provisions of law, they do not warrant holding this defendant indebted in amounts due by the estate of Edgar Barousse in which he was not in the least interested. One is bound as he binds himself. This defendant has not bound himself in any way to pay the amount. He took no part in the management and in no way acted so as to render himself liable.

[3, 4] But plaintiff contends that it is different as to his wife, Mrs. Eva Daigle; that she was a party to the bankruptcy proceedings. We have already stated that she was not legally cited. She could not be held a party unless cited in due form. The appearance of the husband to claim an amount due him did not have the effect of an estoppel. There was no agreement about the business of the "Estate of Barousse" either verbally or in writing. The sons of age took possession of the business and managed it, as they said, for the purpose of paying the debts. Mrs. Daigle did not take any part in the business. She was not consulted and never received a statement of the business. Witnesses stated that she expected no profit herself; she desired it to be paid to her mother. She may have assented to the venture of the brothers, but of this there is no direct evidence. None the less, plaintiff seeks to hold her liable as a public merchant, although she conducted no business to render her liable as a public merchant. The business was that of the "Estate of Barousse."

"She is a public merchant if she carries on a public trade." Civil Code, art. 131.

There was no trade carried on by her.

Construing article 131 with article 1786, as the husband did not permit her "to trade in her name," she was not a public merchant.

In regard to her being a party to the bankruptcy proceedings, to which we refer again to cite authorities, it is well settled that the wife in bankruptcy proceedings should be authorized by the husband. Code of Practice, art. 118; Delacroix v. Hart, 23 La. Ann. 192.

The federal courts, in construing rights of parties, follow the state courts. Foster's Federal Practice (3d Ed.) par. 41, p. 147; O'Hara v. McConnell, 93 U. S. 150, 23 L. Ed. 840; Bank of America Case, 101 U. S. 243, 25 L. Ed. 850; Taylor v. Holmes (C. C.) 14 Fed. 513.

[5] The wife and the husband were not af-

fected in their interest by the proceedings to which we have before referred. Prescription was not suspended.

[6] It becomes necessary for us to consider the issues as relates to the other heirs made defendants.

After the surrender, prescription was interrupted, and those defendants indebted to plaintiff remained indebted. The surrender in bankruptcy has the effect of suspending prescription in all that relates to property. Prescription cannot continue to run despite the fact that the affairs of the bankrupts are being administered and settled in the bankruptcy courts.

As to the following named persons, prescription was suspended, as they were parties to the bankruptcy proceedings: Mrs. Eugenie Florence Hayes, now wife of Haralson, Joseph A. Barousse, Colbert Barousse, and Gilbert Barousse.

Suit interrupts prescription. Civil Code, art. 3518.

These defendants were cited and in time applied for their discharge. That is, the partnership and the individual members were cited.

The creditors filed their claims, and they were approved.

For reasons stated, the judgment appealed from is affirmed in part and annulled in part. It is affirmed to the extent that it dismisses the action against E. Daigle and his wife, Eva Daigle. It is, for reasons stated, avoided, annulled, and reversed in so far as it dismissed the action against Mrs. Eugenie Florence Hayes, widow of Ed. Barousse, now wife of Fred. W. Haralson, Joseph A. Barousse, Colbert Barousse, and Gilbert Barousse.

It is ordered, adjudged, and decreed that plaintiff recover and do have judgment for the amount of his respective claim with interest as claimed; that is, for the aggregate of $13,959, less credits proven by defendants, plus interest on amount of judgment at sales, and from dates claimed against the last above-named parties in solido.

It is further ordered, adjudged, and decreed that, as between plaintiff and E. Daigle and wife, plaintiff pay the costs of both courts. As between plaintiff and Mrs. Eugenie Florence Hayes, widow of Barousse, now wife of Haralson, Joseph A. Barousse, Colbert Barousse, and Gilbert Barousse, it is ordered, adjudged, and decreed that these last-named defendants pay the costs of both courts.

### On Application for Rehearing

SOMMERVILLE, J. In his original petition, plaintiff alleges defendants to be indebted to him "jointly, severally, and in solido, in the following sums and for the following causes, to wit." Then follow 35 paragraphs, in which are enumerated claims of creditors of the defendants which have been transferred to plaintiff. In the prayer of his petition, he asks that the several defendants be cited, and "that there be judgment herein in favor of petitioner and against the said defendants, (naming them) severally and in solido in all of the amounts and sums as above set forth." The sum total of the several amounts claimed exceeds $20,000, but plaintiff does not ask for a judgment for any specific sum of money.

On the briefs filed on behalf of plaintiff and defendants, the questions of law have been discussed; but the 35 claims above referred to have not been analyzed, or any calculation made with reference to them.

In the decree handed down by us, we gave judgment in favor of plaintiff and against four of the defendants in the sum of $13,959, subject to credits proved by defendants, plus interest on the various amounts embraced in the judgment.

Plaintiff now asks for a rehearing upon several grounds, one of which is that:

"The court is in error in giving plaintiff judgment for only $13,959 against four of the defendants herein, as this represents only the amount of the open accounts, and entirely omits the notes sued on herein, being as follows."

Then follows a list of notes sued upon in the petition filed in the cause, said to "amount to over $3,000."

The questions of law are disposed of correctly in our former decrees, and we adhere thereto.

We are unable, without further assistance from the litigants, to analyze and calculate the claims proved, credits proved, or the many dates from which interest must run on the various amounts. We shall therefore remand the case a second time, so that this work may be done in the trial court.

We shall recast the judgment heretofore rendered in the cause, so that it shall read as follows:

For reasons stated, the judgment appealed from is affirmed in part and annulled in part. It is affirmed to the extent that it dismisses the action against E. Daigle and his wife, Eva Daigle. It is, for reasons stated, avoided, annulled, and reversed in so far as it dismissed the action against Mrs. Eugenie Florence Hayes, widow of Ed. Barousse, now wife of Fred. W. Haralson, Joseph A. Barousse, Colbert Barousse, and Gilbert Barousse.

It is ordered, adjudged, and decreed that plaintiff recover and do have judgment for the balance due on the amount of his respective claims, which have been proved, with interest; and the case is remanded to the district court for the single purpose of having the judge there to determine that balance, with rates of interest, and the dates from which interest runs in favor of plaintiff and against the four defendants indicated, with the credits to which defendants may be entitled, together with rates and dates of interest.

It is further ordered, adjudged, and decreed that, as between plaintiff and E. Daigle and wife, plaintiff pay the costs of both courts. As between plaintiff and Mrs. Eugenie Florence Hayes, widow of Barousse, now wife of Haralson, Joseph A. Barousse, Colbert Barousse, and Gilbert Barousse, it is ordered, adjudged, and decreed that these last-named defendants pay the costs of both courts.

The rehearing is refused.