O’NIEDL, Chief Justice
 

 (concurring in the decree, except as to the'amount of the judgment).
 

 The liability of the recorder in a ease like this is imposed by article 3394 of the Civil Code, which, in very plain terms, declares that a recorder of mortgages is answerable for any loss resulting, first, from omitting to record any act that is directed to be recorded in his office; or, second, from omitting to mention in a certificate of mortgages a recorded mortgage or lien on the property. The article declares that the only excuse that can be urged successfully by a recorder who has Omitted from a certificate of mortgages a recorded mortgage or lien on the property is that the error was caused by “a want of exactness in the description” of the property, which could not be imputed to the recorder.
 

 The liability of the recorder, and of the surety on his official bond, for such an error
 
 *204
 
 or omission as is referred to in article 3394 of the Civil Code, is not dependent upon the recorder’s committing a tort, or being at fault, or being guilty of negligence, as is the liability imposed upon everybody by the declaration in article 2315, that every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. The controlling word in that article is the word “fault,” because no one is obliged by that article to repair a damage caused by his act unless he is at fault. B.ut the ■ liability imposed by article 3394 of the Code, upon the recorders of mortgages, is not dependent upon any actual fault or wrongdoing or negligence on the part of the recorder, beyond his official mistake.
 

 The actions which are subject to the prescription of one year are enumerated in article 3536 of the Civil Code, and among them is mentioned “that for damages * * * resulting from -offenses or quasi offenses.” But the liability of a public official, individually, for a loss occasioned by an error or omission in the performance of an official duty, is not dependent upon his being guilty of an offense or quasi offense, in the broad sense of the term, or in the sense in which it is used in article 3536 of the Code. The right of action for damages referred to in that article is the right of action granted by article 2315, and depends upon some actual fault or negligence, other than a mere error or omission in the performance of an official duty imposed by law.
 

 The reason why an action to enforce the liability imposed by article 3394 upon a recorder of mortgages is barred by the prescription of ten years, and not by the prescription of one year, is that this right of action is not listed among those “enumerated” in article 3536, or in any other article of the Code, and hence belongs in the omnibus article, 3544, viz.: “In general, all personal actions, except those before enumerated, are prescribed by ten years.”
 

 It has been said, in the decisions maintaining that an action of this character is not barred by the prescription of one year but by the prescription of ten years, that the reason is that the damages result ex contractu, and not ex delicto, viz.: Brigham v. Bussey, 26 La. Ann. 676; Fox v. Thibault, 33 La. Ann. 32; Weintz v. Kramer, 44 La. Ann. 35, 10 So. 416; Baker v. Lee & Parks, 49 La. Ann. 874, 21 So. 588; Gordon v. Stanley, 108 La. 182, 32 So. 531. It was said or suggested in those cases that the giving of the official bond was what made the action one for damages ex contractu, even with regard to the principal on the bond. But, if we maintain that the giving of the bond, instead of the character of the action, is what makes the action against the principal on the bond subject to the prescription of ten years, instead of one year, it will be impossible to reconcile these decisions with the ruling in Stephenson v. New Orleans Railway & Light Co., 165 La. 132, 115 So. 412. In that case a bond was exacted by a municipal ordinance, and was given by the street railway company, to protect any person suffering damages to his person or property through any fault of the carrier ; and it was contended by the plaintiffs, suing the carrier and the surety on its bond for damages for the death of the plaintiffs’ sister, alleged to have been caused by the fault of the carrier, that the action was on
 
 *206
 
 the bond, and was therefore subject to the prescription of ten years, and not to the prescription of one year., But we held that the action was barred because of the failure of the plaintiffs to sue the railway company within one year; and that, as the action was barred as to the principal on the bond, it was barred also as to the surety. In so deciding, we referred with approval to the case of Distefano v. Michiels, 158 La. 885, 104 So. 914, where it was held that a suit' which was brought against the carrier within the year, and which had resulted in a judgment against the carrier, had interrupted the prescription of one year, and had therefore preserved the right of the plaintiff to sue the surety on the carrier’s bond, at any time within ten years from the date of the injury, to compel payment of the amount of the judgment. It was said in that case, and was affirmed in Stephenson’s Case, that, although the right of action - against the principal on the bond was for damages for a quasi offense, and was therefore subject to the prescription of one year, nevertheless the right of action against the surety on the bond was founded upon the bond, or contract of guaranty, and was therefore subject to the prescription of ten years. I believe yet that the doctrine of the Distefano Case and of the Stephenson Case is sound. It is simply this: If the bond is given as a guaranty for the payment of damages resulting from an offense or a quasi offense, the right of action against the principal on the bond is barred by prescription if the action is not brought against him within the year from the date of the offense or quasi offense;- and if the action against the principal is thus barred by prescription, the action against the surety op his bond is also barred. The right of action against the principal on the bdnd does not become a right of action ex contractu by reason- of his giving a bond. It is not necessary for the principal to sign the bond. His liability is riot created by his giving a bond, nor is it limited to the amount of the bond. He is liable even though he fails or neglects to give a bond. But the surety is not liable except by virtue of the bond, or beyond the amount of the bond. The liability of the surety, therefore, arises ex contractu, from the contract of guaranty; and the liability of the surety is dependent, of course, upon the principal’s being also liable.
 

 I respectfully submit, therefore, that we will do violence to the doctrine of the Distefano Case and of the Stephenson Case, and particularly the Stephenson Case, if-we say that the liability of a public official, for damages resulting from an error or omission on his part, in the performance of an official duty, becomes a liability ex contractu by his giving a bond to guarantee that he will well and faithfully perform his official duties. The only reason why the action against, the public official is not barred by the prescription of one year is that the right of act-ion is not founded upon an offense or a quasi offense, in the broad sense of the term “offense,” or in the sense in which it is used in article 3536 of the Civil Code. If that were not so, this action against the recorder would be barred by the' prescription of one year, because, under the doctrine of the Stephenson Case, the right of action against the recorder would not have been prolonged beyond a year by his having given a bond, if the right of action was otherwise subject to the prescription of one year.
 

 
 *208
 
 I respectfully submit, however, that the liability of the recorder in this ease, or of the surety on his official 'bond, is not $1,977.48, merely because the plaintiff holds a mortgage note for $1,977.48. The liability of the recorder and of the surety on his bond cannot exceed the amount of the security which the plaintiff lost by the mistake of the recorder in canceling the mortgage for $1,250; and that loss cannot exceed either the amount of the canceled mortgage or the value of the property that was subject to the mortgage'. In Gordon v. Stanley, 108 La. 182, 32 So. 531, it was held that th'e' liability of the recorder of conveyances for an omission in the issuing of a conveyance certificate was not only limited to the value of the property alienated, on which the plaintiff took a' mortgage, but was limited also to the net loss to be sustained by the plaintiff after a discussion of the property of the mortgagor; and the plaintiff’s suit was dismissed, as in case of nonsuit, for insufficient proof of his loss. The amount of the mortgage note held by the plaintiff in this case, therefore, is not the measure of his loss.