## CHALKLEY v. PELLERIN.

No. 1948.

Court of Appeal of Louisiana. First Circuit.

Feb. 15, 1939.

Thos. Arthur Edwards, of Lake Charles, for appellant.

Pujo, Hardin & Porter, of Lake Charles, for appellee.

OTT, Judge.

Plaintiff prays in his petition for a judgment against the defendant for the amount of a note executed by the defendant on January 31, 1929, for the sum of $319, with interest thereon at 8 per cent per annum from May 1, 1930, and 10 per cent additional for attorneys fees, which note was due on February 1, 1932, and is secured by special mortgage on certain property in the parish of Calcasieu. Plaintiff alleges that he paid taxes on the mortgaged property for the years 1932 to 1936 inclusive amounting to $23.73, and he asks that said amount be included in the mortgage debt, and that the mortgage be recognized and the property sold to pay his said claim by preference.

Two pleas or exceptions are urged by the defendant: (1) That on April 13, 1935, he was adjudicated a bankrupt and was granted a discharge in bankruptcy from his debts on October 14, 1935; that the indebtedness represented by said note was listed in his schedule; (2) that the note

is prescribed on its face by the prescription of five years.

The trial court overruled both of these pleas and rendered judgment in favor of the plaintiff and against defendant for the amount of the note, interest and attorneys fees, together with the amount of the taxes paid. The judgment recognized the mortgage and ordered the property sold to pay the claim of plaintiff, but restricted the judgment to one in rem only with no personal liability on the part of defendant after the proceeds of the sale of the property are applied on the claim. The defendant has taken a devolutive appeal.

It is admitted that the defendant was adjudicated a bankrupt in April, 1935 and was discharged in October of that year. It is also admitted that the debt due plaintiff was listed on the schedule filed by the bankrupt with his petition in bankruptcy, and due notice was given to the creditors. It is further admitted that plaintiff did not file his claim in the bankruptcy proceedings; also that the trustee, under an order signed by the referee, disclaimed title to the mortgaged property.

The adjudication and discharge of the defendant in bankruptcy in 1935 did not affect the mortgage which plaintiff had against the property for the payment of the note and the claim for taxes secured by the mortgage. The only effect of the discharge in bankruptcy was to release the defendant from any and all personal liability under the note and mortgage. The trial judge correctly relieved the defendant from any personal liability and restricted the judgment to one in rem against the mortgaged property only. In fact, we do not understand that defendant's counsel is now questioning the correctness of this part of the judgment.

Counsel is insisting most strongly in this court on the plea of five year prescription against the note. The note, on its face, prescribed on February 1, 1937, and the suit was not filed until eighteen days later. Plaintiff alleged in his petition that the defendant had acknowledged many times during the past five years the indebtedness and had promised to pay same. The allegation is also made in the petition that the defendant was adjudicated a bankrupt during the year 1935, and that the trustee disclaimed title to the mortgaged property.

It is the contention of learned counsel for defendant that, inasmuch as the bankruptcy proceedings did not affect the right of the plaintiff to enforce his mortgage either in the bankruptcy court or in the state court by proper proceedings, there was no interruption of prescription on account of the bankruptcy. He compares the situation to that of a receivership or an insolvent succession where it has been held that prescription is not interrupted on a claim against the insolvent corporation or deceased debtor for the reason that the law does not specifically provide for the suspension of prescription in such cases, and for the further reason that the creditor in such cases is not prohibited from taking action on his claim to have it recognized. Taylor v. Vossburg Mineral Springs Company, 128 La. 364, see page 382, 54 So. 907.

In the case of Horton v. Haralson et al., 130 La. 1003, 58 So. 858, the court said that a surrender in bankruptcy has the effect of suspending prescription against debtors who are parties to such proceedings. The difference in the case of a proceeding in bankruptcy and that of a receivership or insolvent succession is that, in the former case, the creditor's right to sue and enforce his claim is affected by a bankruptcy proceeding, while in the latter case the creditor may still assert his claim against the receiver or the representative of the succession. We can see considerable force in counsel's argument that, in this particular case, plaintiff's right to enforce his mortgage was not affected by the proceedings in bankruptcy.

Whatever may have been the effect of the bankruptcy proceeding itself on the running of prescription on this particular claim, it remains a fact that the acknowledgment of the debt made by the defendant himself in his sworn schedule unquestionably had the effect of interrupting prescription as of the date of filing the schedule in 1935. Article 3520 of the Civil Code provides that prescription ceases to run whenever the debtor makes acknowledgment of the right of the person to whom the debt is due.

It is not necessary that the acknowledgment of the debt be made to the creditor, or in his presence, nor is it necessary that the debt be acknowledged in writing. A verbal acknowledgment to a third person, out of the presence of the creditor, will interrupt prescription. Utz v. Utz et al., 34 La.Ann. 752. Likewise, the placing of a debt on an account filed by an administrator is an acknowledg-

ment of the debt by the administrator. Maraist v. Guilbeau, Adm'r, 31 La.Ann. 713.

It is true that in order for an acknowledgment of a debt to interrupt prescription, the acknowledgment must refer to the specific debt and must be clear and definite in its nature. But, as was said by the trial judge, we can hardly conceive of a more certain, definite and conclusive intention on the part of a debtor to acknowledge the right of a creditor than to place on a sworn schedule of his liabilities the name of the creditor and the amount and nature of the debt due him.

For the reasons assigned, the judgment is affirmed at the cost of the appellant.