O’NIELL,. Chief Justice.
 

 The Meridian Fertilizer Factory is foreclosing, via ordinaria, a mortgage on 160 acres of land in Union Parish, owned by a resident of the State of Texas. The plaintiff is asking only for a judgment in rem. The mortgage was given by a partnership styled Collier Brothers, composed of F. W. Collier and T. B. Collier, on February 19, 1930, to secure the payment of three promissory notes for $1,000 each, payable respectively on September 15. October 1, and October 15, 1930.
 

 This suit was brought against Mrs. Delphia Collier, who is a third possessor of the mortgaged property, on December 16, 1935; that is, more than five years after the date of maturity of the last one of the three mortgage notes. Mrs. Collier, therefore, pleaded the prescription of five years, under article 3540 of the Civil Code. In the alternative, she pleaded the prescription of four years, under the Texas statute of limitation, — citing Vernon’s Annotated Texas Statutes, articles 5521 and 5523.
 

 The judge of the district court gave judgment for the plaintiff for the amount sued for, collectible only by seizure and sale of the mortgaged property. But the judge granted the defendant a new trial and thereafter made the judgment collectible by the seizure’ and sale of only a half interest in the mortgaged property. The judge held that, as T. B. Collier did not sign the notes or the mortgage, his half interest in the land was not affected by the mortgage. The judge overruled the pleas of prescription. The plaintiff is appealing from the judgment, and the defendant, answering the appeal, is urging her pleas of prescription.
 

 The latest decision on the subject maintains that a third possessor of mort
 
 *919
 
 gaged property has the right to plead, in defense of a foreclosure of the mortgage, that the debt is prescribed. Cf. McDaniel v. Lalanne, 28 La.Ann. 661, overruling King v. Hicky, 2 La.Ann. 367.
 

 It is not necessary to consider the defendant’s alternative plea of prescription, under the Texas statute, because if there has been no interruption or suspension of prescription the suit is barred by the prescription of five years, under article 3540 of the Civil Code, and if there has been an interruption or suspension of the prescription neither of the pleas of prescription is good. Besides, article 13 of the Code of Practice lays down the rule that a plea of prescription of an action is governed by the law of the place where the action is-brought.
 

 The plaintiff’s contention that the prescription of five years was interrupte 1 or suspended is founded upon the following facts: T. B. Collier and F. W. Collier, doing business as Collier Brothers, filed a petition in bankruptcy in the District Court of the United States for the Eastern District of Texas on November 17, 1932, and on that day were adjudged bankrupt. The debt due to the Meridian Fertilizer Factory was listed on a schedule of the claims that were secured by liens, mortgages and pledges, and was said to be secured by a mortgage on the land in Union Parish, Louisiana. On February 5, 1935, the trustee filed an application to sell the land in Union Parish to the highest and best bidder, at private sale, and was duly authorized by the referee in b..nkruptcy to make the sale. Accordingly, on that day' the trustee sold the property to Mrs. Delphia Collier for a rent claim of $230 which she held against the bankrupt estate. It was declared in the act of sale that.it was made subject to the deed of trust held by the Meridian Fertilizer Factory. The mortgage was called a deed of trust because it was made in Texas, and notwithstanding it was written in the form of a mortgage, as used in Louisiana. T. B. Collier and F. W. Collier, doing business as Collier Brothers, were discharged from all debts and claims by a decree of the bankruptcy court on April 10, 1933.
 

 Inasmuch as Mrs. Collier did not assume the payment of he mortgage debt when she bought the land from the trustee in bankruptcy, we doubt that the declaration in the deed that the land was sold subject to the mortgage was a sufficient acknowledgment to interrupt the prescription of five years. But the listing of this debt on the schedule of debts owed by Collier Brothers was a sufficient acknowledgment to interrupt the prescription. Analogous cases are those in which it has been held that a listing of the debts of a succession by an executor or an administrator is a sufficient acknowledgment to interrupt prescription. For example, see Succession of Romero, 29 La.Ann. 493; Berens v. Executors of Boutte, 31 La.Ann. 112; Heirs of Porter v. Hornsby, 32 La.Ann. 337; Troendle v. De Bouchel, 33 La.Ann. 753; Morris v. Cain’s Ex’rs, 39 La.Ann. 712, 1 So. 797, 2 So. 418; Succession of Willis, 109 La. 281, 33 So. 314.
 

 Aside frcm the acknowledgment of the debt by the trustee, our opinion is that the prescription was suspended by effect of the bankruptcy proceedings. Section 11 of
 
 *921
 
 the original Bankruptcy Act, being the Act of July 1, 1898, c. 541, § 11, 30 Stat. 549, as amended by the Act of June 22, 1933, c. 575, § 1, 52 Stat. 849, 11 U.S.C.A. § 29, declares that the operation of any statute of limitations of the United States or of any State, affecting the debts of a bankrupt provable under the title, shall be suspended during the period from the date of the filing of the petition in bankruptcy. That amendment of the statute was not in effect during the bankruptcy proceedings of Collier Brothers. But, in the case entitled In re Handy-Andy Stores of Louisiana, D.C., 51 F.2d 98, that section of the Bankruptcy Act was construed to mean that the bankruptcy proceeding had the effect of suspending statutes of limitation. And in Horton v. Haralson, 130 La. 1003, 58 So. 858, this court decided that bankruptcy proceedings had the effect of suspending prescription against the debts of the bankrupt. And it was held that a cessio bonorum, under the state law, had the effect of suspending prescription against the debts of the insolvent debtor. Wilcox v. His Creditors, 11 Rob. 346; West v. His Creditors, 1 La.Ann. 365. We concur in the ruling, therefore, that this action is not barred by prescription.
 

 The ruling that the mortgage in this case did not affect the half interest of T. B. Collier in the 160 acres of land is founded upon the fact that he did not sign the act of mortgage. It was signed by the other member of the firm, F. W. Collier, as manager for the firm, and in the name of the'firm. In. the 4th paragraph of article 2870 of the Civil Code it is declared that a member of a partnership cannot, without the consent of his partners, mortgage or dispose of real estate bought in the name of the partnership. And in Baker v. Lee, 49 La.Ann. 874, 21 So. 588, it was held that real estate bought in the name of a partnership belonged to the individual members, and hence that a mortgage given by one of the partners, in the name of the partnership, affected only his interest in the property. That .would be this case exactly if T. B. Collier had not surrendered the mortgaged.property to his creditors, and had not ratified the mortgage. But the judge of the district court sustained a plea of estoppel in this case, filed by the plaintiff, and founded upon the acknowledgement of the mortgage, by the members of the partnership, in the bankruptcy proceeding, and upon the acknowledgment by the trustee, and by Mrs. Collier, in the sale f-rom the trustee to her. Whether this plea answers the. technical definition of a plea of estoppel is a matter of no importance beside the fact that the plea is well founded in law; Mrs. Collier points out that T. B. Collier did not sign the petition in which the firm and its members asked to be adjudged bankrupt. But the petition was signed by an attorney at law, as well as by F. W. Collier, for both members of the firm; and the facts stated in the petition were verified by the affidavit of F. W. Collier, as a member of the firm. T. B. Collier received the benefit of the bankruptcy proceedings; and the presumption is that the attorney' at law who represented him and the other member of the firm in the proceedings had authority
 
 *923
 
 so to do. Be that as it may, Mrs. Collier has no interest in contending, and hence no right to contend, that the bankruptcy proceedings were null as far as T. B. Collier’s half interest in the mortgaged property is concerned. Her title to the property depends upon the validity of the bankruptcy proceedings. In acquiring the title she acknowledged that it was subject to the mortgage. The presumption is that she would have paid a higher price for the property if she and the trustee had not taken into consideration the mortgage against it. If the bankruptcy proceedings should be declared null as to T. B. Collier because of his omission to sign the petition, Mrs. Collier would have no title to his half interest in the property. Hence she has no interest in urging the plea. See Reliance Homestead Association v. Brink, 173 La. 331, 137 So. 52, and the list of decisions cited on page 335 of 173 La. and page 53 of 137 So. Our conclusion is that the appellant is entitled to have the judgment appealed from amended so as to make it exigible against the whole of the 160 acres of land, and not merely against a half interest in it.
 

 The judgment appealed from is amended-so as to be exigible against the whole of the 160 acres of land described therein as the SW^ of SE% and E% of SW^4 and SW% of SW% of Section 31, T. 22 N., R. 1 W., in Union Parish. As thus amended the judgment is affirmed.
 

 PONDER, J., absent.