UNION COTTON MANUFACTORY vs. LOBDELL.

The *lex fori*
regulates the
plea of pre-
scription.

APPEAL from the court of the third district.

MATTHEWS, J. delivered the opinion of the court. This suit is brought to recover a balance due on a promissory note, which appears to have been made in the state of New-York by the defendant, together with one Isaac Lobdell, jr. The note is alleged to have been executed by partners, (merchants,) and consequently created an obligation joint and several on the promisors. The answer contains a general denial, and a plea of prescription, founded on the laws of New-York, and also on the laws of this state. The court below gave a judgment for the plaintiffs, from which the defendants appealed.

The only question in the cause, worthy of notice, arises out of the defence based on prescription. The laws of the place of contract, in relation to limitation or prescription, must be left out of view. The doctrine appears to be fully established, that the *lex fori* alone governs in respect to such matters. The law invoked to support the plea of prescription in the present case, on which the defendant mainly relies, is found in the 3505th article of the

Eastern Dist.
*June*, 1828.

U·ION COT-
ON MAN-
UFACTORY
*vs.*
LOBDELL.

Louisiana code. It prescribes actions found-
ed on instruments similar to that on which
this suit is instituted, by the lapse of five years,
to be reckoned from the day when they were
payable. Previous to the promulgation of the
code, the prescription or limitation of actions
like the present was thirty years. The argu-
ments used by the counsel for the defendant in
favour of this peremptory exception, have for
their foundation the differences between the
force and effect of laws relating to legal reme-
dies and those which relate to rights; and a
supposed distinction which should be recog-
nised in the application of the former class to
contracts made under the operation of foreign
laws. It is difficult to perceive any substan-
tial difference between a law which should at-
tempt to destroy a right by taking away entire-
ly the remedy by which it might have been
enforced, and one which should attack direct-
ly the right itself. They would in our opinion
be equally unjust, and violate in the same de-
gree the rule of interpretation, which denies
to all laws a retroactive effect, to the prejudice
of rights previously acquired.

The maxim of jurisprudence, which pre-
vents from doing indirectly that which cannot

Eastern Dist.
*June*, 1828.

Union Cot-
Ton Man.
UFACTORY
*vs.*
Lobdell.

be rightfully done directly, we believe to be sound.

This is the first time the court has been called on to interpret the new rules of pre- scription established by the Louisiana code. The change of limitation for actions from thir- ty years to five, is very great: and certainly it was not in the contemplation of law-makers, that it should operate instantaneously on con- tracts and promises, wherein few years had elapsed after the time at which they were to have been performed. Such a construction of the law would indeed have the effect to give it a most iniquitous retroactive influence on the rights of our citizens; and can on no principle of justice, or any fair rule of interpretation, be maintained.

The article of the code relied on by the de- fendants, as it relates to the inhabitants of this state, can be only prospective in its operation and effect on the contracts and rights which existed at the time of its enactment. And we are unable to discover any good reason why it should operate differently on the contracts and rights of foreigners who claim the interference of our courts of justice to enforce their claims. The plaintiffs had a right of action against the

defendant on the contract which is the founda-
tion of the present suit, up to the period of the
promulgation of the code: it was vested in
them, and would have continued to exist much
longer under the old law than the time allow-
ed by the new regulation. Independent of
any laws restrictive on the subject, the appel-
lant might be forced by legal pursuit to com-
ply with his promise, without regard to limita-
tion of time. The right of the plaintiffs to make
this pursuit was thirty years, by our laws, from
the period when the debt to them became due.
They failed to sue before the new law, in rela-
tion to the remedy, was changed; and their
claim must now be regulated by the new law.
The remedy has been modified, and must be
used in pursuance of this new modification, ac-
cording to the time therein prescribed, consid-
ered prospectively from the date of the last
law, whether suits be brought on contracts
made under the government of foreign laws
or those of our own state. The same rights
and privileges, the same restrictions and im-
pediments, in relation to the remedies granted
by the *leges fori*, are applicable to them,
whether foreign or domestic.

Eastern Dist.
*June*, 1828.

UNION COT-
TON MAN-
UFACTORY
*vs.*
LOBDELL.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Hennen* for the plaintiffs—*Watts* for the defendant.