## BROWN *v.* STONE.

An action on a promissory note, commenced by attachment against a non-resident maker, by whom the note was executed in the State of A., where he resided, payable in the State of M., cannot be maintained, here after the time required to prescribe the note by our laws, on the ground of the claim not having been prescribed by the laws of M.    *Per Curiam:* The maker having lived in A. at the time he became a party to the note, plaintiff could not have contemplated his bringing or keeping himself within the jurisdiction of M., and he cannot be considered as having done any act by which his creditor has been prevented from collecting his debt.

The general rule is that, prescription is governed by the *lex fori.*.

APPEAL from the District Court of Madison, *Selby*, J.

*Thomas* and *Snyder*, for the plaintiff.    By the laws of Mississippi, all actions upon instruments of the kind sued on, are barred by the statute of limitations, after the lapse of six years from their maturity.    Howard & Hutchison's Digest, p. 569, s. 91.    But by the 99th sec. of the same act (page 571), so long as the debtor is not a resident of said State, the prescription remains in abeyance.    The debt therefore not being extinguished in Mississippi, we have only to test it by the laws of our own State.    By art. 3505 C. C. actions upon bills of exchange and promissory notes are prescribed by the lapse of five years, unless interruption has taken place in one of the modes pointed out by law.    Prescription does not run in favor of an absent debtor, nor against those who cannot prosecute their claims. *Stone* has always resided in the State of Arkansas;    and he could not be sued either in the State of Mississippi or Louisiana.    7 La. 580.    1 An. 405.

*Bemiss*, for the appellant.    The prescription of five years applies to absentees. C. C. 3505, 3506.    15 La. 146.    Prescription is governed by the *lex fori.*    Story's Conflict of Laws, 2d ed., §577.

The judgment of the court *(King*, J. absent,) was pronounced by

ROST, J.    This suit was brought by attachment upon a promissory note of the defendant, who is a citizen of the State of Arkansas, subscribed and made payable in the State of Mississippi.    At the time of the institution of this suit more than five years had elapsed after the note became due, and the defence set up is the plea of prescription, under art. 3505 C. C.

The case is before us on the appeal of the defendant, and the only question it presents is, whether the action, not having been commenced within the period prescribed by the laws of Louisiana, can now be maintained under the statute of

BROWN
*v.*
STONE.

limitations of the State of Mississippi. As the defendant lived in Arkansas at the time he became a party to the note, the plaintiff did not contemplate that he should bring or keep himself within the jurisdiction of Mississippi, and he cannot be considered as having done any act by which his creditor has been prevented from collecting his debt.

Under the circumstances, we consider the defendant as protected by art. 3505, the general rule being that the law of the forum governs the prescription of actions. *Newman* v. *Goza*, 2 An. 642. Story, Conflict of Laws, § 576, 577. *Union Cotton Manufactory* v. *Lobdell*, 7 Mart N. S. 108.

It is, therefore, ordered that the judgment in this case be reversed, and that there be judgment in favor of the defendant, with costs in both courts.