FRANK L. STAPLES *vs.* ALTON E. WAITE.

JUNE 24, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Statute of Limitations. Plaintiff a Non-Resident.*

In an action brought in this State, upon a debt contracted in a foreign juris-
diction, of which plaintiff has always remained a resident, but defendant
has continuously for more than six years after the cause of action accrued,
and prior to the bringing of the action, been a resident of this State, the
statute of limitations is a good plea in bar, although the debt is not barred
under the laws of the State where it accrued.

ASSUMPSIT. Heard on certification from District Court.

BLODGETT, J. Under the provisions of § 478, C. P. A.,
the following question has been certified to this court by the
District Court of the Sixth Judicial District, viz.: "In assumpsit
brought in Rhode Island on a debt contracted in the state of
Maine, both the plaintiff and defendant at the time said alleged
debt accrued being residents of Maine, is a plea of the statute
of limitations in Rhode Island a good plea in bar, it appearing
that the plaintiff, since such debt was contracted in Maine, has
always been and was at the time of bringing his action a resident
of Maine; that the defendant was continuously for more than
six years after such cause of action accrued, and prior to the
bringing of said action in Rhode Island, a resident of Rhode
Island, and that under the law of Maine such debt is not barred,
because a debtor's absence from that state interrupts the
running of its statute of limitations?"

Sections 250, 252, and 253, C. P. A., are as follows:

"Sec. 250. All actions of account, except on such accounts
as concern trade or merchandise between merchant and mer-
chant, their factors and servants, all actions of the case except
for words spoken and for injuries to the person, all actions of
debt founded upon any contract without specialty or brought
for arrearages of rents, and all actions of detinue and replevin,

shall be commenced and sued within six years next after the cause of action shall accrue, and not after."

"Sec. 252.  If any person against whom there is or shall be cause for any action, hereinbefore enumerated, in favor of a resident of the state, shall at the time such cause accrue be without the limits thereof, or, being within the state at the time such cause accrues, shall go out of the state before said action shall be barred by the provisions of this chapter, and shall not have or leave property or estate therein that can be attached by process of law, then the person entitled to such action may commence the same, within the time before limited, after such person shall return into the state in such manner that an action may with reasonable diligence be commenced against him by the person entitled to the same.

"Sec. 253.  If any person at the time any such cause of action shall accrue to him shall be within the age of twenty-one years, or of unsound mind, or imprisoned, or beyond the limits of the United States, such person may bring the same, within such time as hereinbefore limited, after such impediment is removed."

When the cause of action is in favor of a resident of this State, the section 252, *supra*, extends the time as therein provided; and as decided by this court in *Cottrell* v. *Kenney*, 25 R. I. 99, wherein it is said by Douglas, J. (p. 103), in construing the similar provisions of cap. 205, Pub. Stat. of 1882: "The true meaning of the statute is expressed in very plain language.

"The first four sections of the chapter prescribe the periods within which various common-law actions may be brought after the several causes of action accrue.

"This section provides for a different computation of the period of limitation in two specified cases: First, when the cause of action accrues when the defendant is out of the state. Secondly, when the defendant goes out of the state after the cause of action has accrued and before the limited time for bringing the action has expired.

"In both cases a new time is fixed at which the statute begins to run, *i. e.*, when the defendant comes or returns into the state in such manner that the plaintiff can begin his action against him.

"Under this section the coming or return into the state is analogous to a new promise in an action of assumpsit. It does not add a certain increment to so much of the prescribed period of limitation as has already passed, but it fixes a new time for the prescribed period of limitation to begin."

(1)    But even if the plaintiff had been continuously a resident of this State from the time the cause of action accrued, he would now be barred by the six years' residence of defendant in Rhode Island; and by the express provisions of the question submitted the plaintiff was not a resident of this State, but was a resident of Maine at the time the cause of action accrued in his favor; nor has he ever been a resident of this State. His right of action therefore in this State is dependent upon the provisions of section 250, *supra*, and is barred by the lapse of six years' residence of the defendant in Rhode Island after the cause of action accrued, whatever may be his right in the State of Maine or in other jurisdictions having other statutory provisions. Having been a resident of Maine, and thus not having been without the limits of the United States, he is not aided by the provisions of section 253, *supra*.

The case of *McCann* v. *Randall*, 147 Mass. 81, cited by the plaintiff, seems to have been placed on his brief by mistake, inasmuch as it is directly opposite to his contention. In that case, the defendant made a promissory note in Maine and then, before the statute of limitations of Maine had run, the defendant moved to New York, where he resided for more than six years; subsequently he was sued in Massachusetts, and Devens, J., in considering whether the action was barred in Massachusetts under the statute of that State, observes (p. 84): "When this bill was brought, any action by the plaintiff in the courts of New York was there barred, as the statute of limitations of that state is found to exist, Randall (the defendant) having resided there more than six years."

The precise question here involved has been determined in other jurisdictions. Thus in *Bruce* v. *Luck,* 4 G. Greene (Ia.) 143, it was held as follows: "This suit was commenced by Thomas Bruce and others, against L. P. Luck, on the transcript of a judgment, rendered by a justice of the peace, on a promissory note, in the state of Missouri, in 1834. The defendant pleaded the statute of limitations of 1843. To this the plaintiffs replied, that they and the defendant were not residents of this state at the time the note was made, and that although the defendant had been for many years a citizen of Iowa, still they, the plaintiffs, had continued to reside in Missouri; that said note and judgment had not been subject to the laws of Iowa until the commencement of this suit; and that therefore their right of action ought not to be barred by defendant's plea. Defendant's demurrer to this replication was sustained, and judgment rendered in his favor. On this ruling, errors are assigned.

"It is objected that the statute of limitations is not applicable to foreign contracts or notes, and non-resident plaintiffs. If the laws of other states are to prevail over the remedial statutes of our own state,—if the law of the place where the contract was made is to govern in all matters affecting the remedy, there would be good reason for this objection. .

"The doctrine seems to be settled beyond controversy, that the *lex fori* must prevail in all matters merely remedial. In this connection, no rule is better settled than that the statute of limitations of the state in which the action is brought, is to prevail; and not that of the state in which the contract was made," citing cases.

"It is not pretended that the defendant in this case was not a resident of the state from the time the statute commenced to run, until the limitation had expired. The replication rested entirely upon the facts that the plaintiff had been a non-resident during that time, and that the contract was made in another state. So far as those facts are concerned, we are fully confirmed in the opinion that they can not remove this case from the effect of the statute.

"Judgment affirmed."

See also *Home Life Ins. Co.* v. *Elwell,* 111 Mich. 689; *Brown* v. *Stone,* 4 La. Ann. 235; *Beardsley* v. *Southmayd,* 15 N. J. L. 171, affirmed in *Wood* v. *Leslie,* 35 N. J. L. 472.    And see *Crocker* v. *Arey,* 3 R. I., 178; *Townsend* v. *Jemison,* 9 How. 407.

The cause will be sent back to the District Court of the Sixth Judicial District, with the decision of this court certified thereon, for further proceedings.

*John P. Beagan,* for plaintiff.

*Harry P. Cross,* for defendant.