Plaintiffs in each case are applying for a rehearing; both applications are in the same language and tenor.
We did not decide the cases on the assumption that the plaintiffs had been excluded from claiming overtime compensation by the ruling of the Eighth Regional War Labor Board rendered on October 26, 1945. There is nothing contained in our opinion from which such an assumption can be inferred. On the contrary, we decided these cases on the premise that the plaintiffs were entitled to claim such overtime compensation; but had only one year from October 26, 1945 within which to enforce their claims.
The plaintiffs further contend that we erred in stating; "To the contrary, these plaintiffs were specifically excluded from the benefits of the compromise agreement," the "compromise agreement" referred to being the Williamson settlement mentioned in our opinion. In substantiation of our statement, we quote from Exhibit B attached to stipulation and motion to add parties plaintiff, dated March 10, 1947, found in the Williamson case and being filed as of March 10, 1947 by a Deputy Clerk of Court, the following:
"The attorneys for the plaintiffs in the above entitled suit have requested the defendants to include in the settlement agreement of September 26, 1946:
"(1) All Tetraethyl Lead Workers, who, if they had brought suit with the other plaintiffs similarly situated, would be entitled to payment under the terms of the settlement agreement of September 26, 1946.
"(2) Certain other plaintiffs who are employed in the Sodium Section, but not in the cell room, who, it is claimed, actually changed clothes, during the period covered by the settlement agreement.
"Defendants deny any liability whatsoever to the employees covered by the above request for the reasons set forth in their answer to plaintiffs' petition, and, additionally, as to employees not parties to the suit, because their rights, if any, to claim overtime compensation are clearly prescribed. However, in the interest of uniform treatment of all employees similarly situated, and provided judgment herein is entered approving and adopting the settlement agreement of September 26, 1946, and provided that there be no increase in the aggregate amount of attorneys' fees fixed in said settlement by reason of the inclusion of other employees in said settlement agreement, as hereinafter proposed:
"(1) Defendants are willing to settle with Tetraethyl Lead Workers who are not now plaintiffs to this action, in accordance with the agreement of September 26, 1946, provided that they are employees of and still working for defendant, Ethyl Corporation, on the date the said settlement is approved and confirmed by the Court, provided, however, that all patrolmen (except Charles Ted Addison, Lawrence H. Bossier, Talmage E. Crumholt, David H. Hinson, George W. Hoyt, John Charles Martin, Jason W. Meadors, John A. Worsham, and Willie E. Wright, who were parties plaintiff to the above entitled suit and who will be included in the settlement if they are entitled to any overtime pay) shall be expressly denied any overtime compensation by the final judgment to be entered herein, inasmuch as all patrolmen cover defendants' entire plant and are not required to change clothes.
"(2) Defendants are unwilling to include in the settlement agreement of September 26, 1946 those Sodium Section employees not employed in the cell room. The arbitration award excluded them, they have never been required to change clothes, and they were expressly excluded from the agreement of September 26, 1946."
In the Hitzman suit, the plaintiffs were Tetra Lead Ethyl Department employees, who were not employees of defendant on the date the settlement was approved and confirmed by the Court. In the Saucier suit, the plaintiffs were classified as patrolmen. We find no error in our statement.
In conclusion, after a thorough reconsideration of these cases, we are firm in our opinion that the Williamson settlement *Page 905 
cannot be said to be a compromised settlement benefitting the plaintiffs who were not parties thereto and that the award of the Labor Board had not the effect of causing the claims of plaintiffs to be "accounts stated." We therefore feel that the claims of plaintiffs prescribed in one year as set forth in our opinion herein and the applications for rehearing are therefore denied.