**Charlie WILSON, Jr.**

v.

**MONSANTO COMPANY.**

Civ. A. No. 69–2231.

United States District Court,
E. D. Louisiana.

Jan. 5, 1970.

Joseph Accardo, Jr., of Chaisson, Accardo & Morel, LaPlace, La., Philip B. Sklover, EEOC, Washington, D. C., for plaintiff.

Tom M. Davis and V. R. Burch, Jr., of Baker, Botts, Shepherd & Coates, Houston, Tex., David L. McComb, of Chaffe, McCall, Phillips, Burke, Toler & Sarpy, New Orleans, La., for defendant.

## MEMORANDUM ORDER

COMISKEY, District Judge.

This is a class action brought pursuant to § 706(e) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–15. In his complaint, plaintiff alleges that defendant Monsanto Company has violated Title VII by failing and refusing to employ him because of his race (Negro) and by utilizing hiring and promotion procedures which deny equal employment opportunities to all Negroes.

Defendant has moved to dismiss the action on two grounds: 1) that the action was not timely filed; and 2) that the underlying administrative charge was not timely filed with the Equal Employment Opportunity Commission. Defendant has also moved to strike portions of the complaint, contending 1) that plaintiff, as an applicant for employment, may not represent defendant's present employees; 2) that because plaintiff passed all pre-employment tests he may not challenge such tests as being discriminatory; and 3) that plaintiff's charge filed with the EEOC stating that "I feel that I have been denied employment because of my race (Negro)" was an insufficient basis for filing a class action alleging employment discrimination both in hiring procedures and in internal policies.

The Court denies these motions and holds 1) that the action was timely filed; 2) that the administrative charge was timely filed; and 3) that plaintiff, having filed a charge with the EEOC in which racial discrimination was alleged, may maintain a suit challenging all aspects of defendant's alleged discriminatory employment practices.

■ 1. Plaintiff has sworn in his complaint that he received a Notice of Right to Sue from the EEOC on September-

ber 2, 1969. Therefore, this action, filed on October 2, is timely.

■ 2. Under § 706(d) of Title VII, a charge of discrimination must be filed within 90 days of the alleged discriminatory act. In the instant case, plaintiff was denied employment on February 1, 1967. In a letter dated February 10, 1969, he wrote "To whom it may concern" explaining that he had applied for a job with defendant, had passed all tests given to him but had not been hired. He did not state that he was Negro or that he had been denied employment because of his race. His letter was received by the EEOC and date-stamped on February 24, 1967.[1] Thereafter, on June 30, 1967, pursuant to § 1601.11(b) plaintiff transferred his allegations to an official EEOC charge form. At that time he cured the technical defects of his original charge by verifying the charge and by formally stating that he believed that the denial of employment was due to his race.

■ Defendant's contention that plaintiff's charge is untimely because the only sworn charge of racial discrimination was filed more than 90 days after the alleged act of discrimination must fail. It is now well established in this Circuit and elsewhere that once a timely complaint is filed with the EEOC it may later be amended to cure technical defects such as lack of verification or failure to attach a legal conclusion (racial discrimination) to the factual occurrences comlained of. Georgia Power Co. v. Equal Employment Opportunity Comm., 412 F.2d 462 (C.A.5, 1969); Weeks v. Southern Bell Tel. & Tel., 408 F.2d 228 (C.A. 5, 1969). Therefore, plaintiff's timely letter, amended and perfected in accordance with the EEOC Regulations, was a valid charge.

■ 3. In Johnson v. Georgia Highway Express, 417 F.2d 1122 (C.A.5, 1969), the Fifth Circuit approved an "across the board" class action brought by a discharged employee who alleged various specific acts of discrimination as well as a general company-wide policy of racial discrimination. The Court ruled that it was error for the District Court to limit the class that plaintiff might represent to one composed of persons allegedly discharged because of their race, and noted that the question of the existence of a racially discriminatory policy is one common to all members of the *racial* class. We will not define the exact scope and depth of the class of which the plaintiff is the representative. However, the Court does believe that few limitations should be placed upon this plaintiff in the representation of a class of negro employees or applicants for employment. The Court subscribes to the "across the board" class action concept. Therefore, while the Court rules that the plaintiff has the right to represent all members of a general undefined class at this time, a more careful determination will be made setting out the definition of said class in accordance with Rule 23(c)(1) of the Federal Rules of Civil Procedure. This determination can be made more appropriately at a later time "when there are more precise pleadings, enabling the * * * Court to equate and balance what the * * * (Plaintiff) claims are the limits of the class against the tests of adequate representation, protection of the interests of the class, and manageability of the lawsuit." Judge Godbold's concurring opinion in Johnson v. Georgia Highway Express, Inc., *supra.* Certain discovery procedures have been invoked by defendant, and doubtless other such procedures will be used by both parties herein. Information thus developed will probably be helpful in ascertaining the proper scope of this class action.

Therefore, the defendant's motions are denied.

---

1. Plaintiff did not mail his letter, but gave it to a friend who forwarded it to the EEOC.