McKinley **WITHERSPOON,** on behalf of himself and others similarly situated, Plaintiff-Appellant,

v.

**MERCURY FREIGHT LINES, INC.** and Local No. 991 of the Teamsters, Chauffeurs, Warehousemen and Helpers Union, Mobile, Alabama, Defendants-Appellees.

No. 71–2418.

United States Court of Appeals, Fifth Circuit.

March 20, 1972.

Frankie Fields Smith, Mobile, Ala., Jack Greenberg, William L. Robinson, James M. Nabrit, III, Morris J. Baller, New York City, for plaintiffs-appellants; Jonathan Harkavy, New York City, of counsel.

Frank McRight, Mobile, Ala., Thomas M. Ammons, III, Mobile, Ala., for appellee Mercury Freight Lines, Inc.; Armbrecht, Jackson & DeMouy, Mobile, Ala., of counsel.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

GODBOLD, Circuit Judge:

This case concerns racially discriminatory employment practices of a motor carrier, violative of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and similar to the practices held discriminatory in Bing v. Roadway Express, Inc., 444 F.2d 687 (5th Cir. 1971), and its predecessor, Jones v. Lee Way Motor Freight, Inc., 431 F.2d 245 (10th Cir.), cert. denied, 401 U.S. 954, 91 S.Ct. 972, 28 L.Ed.2d 237 (1971). The District Court, in a decision handed down prior to Bing and Jones, held the carrier's policies not discriminatory. Those two cases require reversal.

No black has ever worked for Mercury as a long haul driver, even as an extra. As in Bing, the carrier has maintained a policy, albeit somewhat different in form, under which black city (i. e., local) drivers are "locked in" to their positions with no real opportunity to transfer to the more highly regarded and sought after position of long haul or over-the-road driver. Also blacks applying from outside the company for long haul driver places are not hired. While blacks are excluded, whites are hired as over-the-road drivers, both from outside the company and from the ranks of white city drivers. Blacks applying for over-the-road positions, both by transfer from city driver status and as new employees from without the company, have not been specifically turned down—they just never heard from their applications,

and the record amply demonstrates that the applications never received meaningful consideration, and in some instances none at all.

■■ The plaintiff made out a prima facie case of discrimination by the above evidence. The burden of proving absence of discrimination moved to defendant, which attempted to explain on the ground of business necessity, stating that long haul drivers must have personalities, age, family, and health backgrounds different from city drivers. But these factors are not shown to have been applied to the plaintiff or to other black applicants. Rather it appears that their applications were never given genuine consideration under any standards.

■ The decision of the District Court must be reversed and the cause remanded for further proceedings. The District Court is directed to define the scope and depth of the class of which the plaintiff is the representative, bearing in mind the allegations of the complaint, adequacy of representation, protection of the interests of the class, manageability of the lawsuit, and the prevention of multiplicity of actions,[1] and to grant appropriate relief to the persons determined to be within the class and to have been discriminatorily denied employment or transfer. The company asserts we should conclude that the plaintiff Witherspoon and others of the blacks who have applied for long haul positions have accident records which bar them from such employment. At the other extreme, plaintiff urges that on the record before us every black applying from outside the company and identified in the testimony is a safe driver and that any black city driver applying for transfer is, by reason of the fact that he has not been fired as an unsafe city driver, automatically qualified insofar as safety is concerned to be an over-the-road driver. We do not accept either extreme. Requirements of safety, skill and competency that may be necessary for over-the-road drivers, vis-a-vis the duty of the company to remedy its past discriminatory practices, are matters to be determined at the District Court level.

■ There was no error by the District Court in failing to order Mercury to take affirmative action requiring its employees to use all of its rest room and water fountains on what plaintiff terms an "integrated" basis. Mercury furnishes nonsegregated facilities, and the evidence is that its employees are free to use any or all of them as they wish without interference or harassment by the company, and the plaintiff Witherspoon himself makes use of them on that very basis. In this respect the decision of the District Court is affirmed. In all other respects it is reversed and remanded. This case already has been unduly delayed at the District Court level. Further proceedings must be expedited.

1. E. g., Johnson v. Georgia Highway Express, 417 F.2d 1122 (5th Cir. 1969) (concurring opinion) ; Wilson v. Monsanto Company, 315 F.Supp. 977 (E.D. La.1970).