Harriet WILHITE, Individually and on behalf of all similarly situated non-supervisory female employees of South-Central Bell Telephone & Telegraph Co., Plaintiff,

v.

SOUTH CENTRAL BELL TELEPHONE & TELEGRAPH COMPANY, Defendant.

No. 73–1771.

United States District Court, E. D. Louisiana.

Oct. 21, 1976.

C. Paul Barker, Dodd, Barker, Boudreaux, Lamy & Gardner, New Orleans, La., Charles V. Koons, Washington, D.C., Linda Colvard Dorian, for plaintiff.

Arthur A. Lemann & Bernard Vetter, Loyola Law Clinic, New Orleans, La., for Harriet Wilhite, plaintiff; Charles V. Koons, Kane & Koons, Washington, D.C., of counsel.

Thompson Powers, Roger E. Warin, Steptoe & Johnson, Washington, D.C., John C. Carey, Jr., Gen. Atty., Birmingham, Ala., Ronald W. Tweedel, South Central Bell Telephone Co., New Orleans, La., for defendant.

ALVIN B. RUBIN, District Judge:

This case was initiated by a complaint filed on July 3, 1973 by plaintiffs, Communication Workers of America, AFL–CIO (CWA) and Harriet Wilhite, individually and on behalf of all similarly situated non-supervisory female employees of South Central Bell Telephone Company. Plaintiffs allege various provisions of defendant's Benefit Plan for employees concerning payment under health and temporary disability insurance or sick leave plans, commencement and duration of leave, and accrual of seniority and other benefits or privileges, during pregnancy-related absence, violate Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e–5, et al). The disposition on the merits has been delayed pending a determination of the primary legal issue by the United States Supreme Court. The case is presently before the court on plaintiff's motion to certify the class action.

## I. IS MRS. WILHITE A PROPER CLASS REPRESENTATIVE?

▮▮▮ Federal courts have recognized that Title VII class action litigation is public in character; the individual litigant serves as a private attorney general vindicating Congressional policy to eradicate discrimination. *Jenkins v. United Gas Corp.,* 5th Cir. 1968, 400 F.2d 28; *Oatis v. Crown Zellerbach Corp.,* 5th Cir. 1968, 398 F.2d 496. Because claimants who have been discriminated against on the basis of sex have been differentiated on the basis of a class characteristic, Title VII actions are especially appropriate class actions. *Wetzel v. Liberty Mutual Ins.,* 3d Cir. 1975, 508 F.2d 239, 250, cert. denied, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679; *Oatis,* supra; *Jenkins,* supra. As the court observed in *Jenkins,* supra, "[I]f class-wide relief were not afforded expressly in any . . . order issued in Employee's behalf, the result would be the incongruous one of the Court . . . itself being the instrument of . . . discrimination." 400 F.2d at 34.

▮▮▮ Hence federal courts have applied class action concepts to Title VII suits in a

flexible manner. For example, it is now settled that a single plaintiff, who has met the filing requirements of 42 U.S.C. Sec. 2000e–5, may maintain a class action on behalf of all others similarly situated even if the other class members have not met those procedural requirements. *Barela v. United Nuclear Corp.,* 10th Cir. 1972, 462 F.2d 149; *Bowe v. Colgate-Palmolive Co.,* 7th Cir. 1969, 416 F.2d 711; *Miller v. International Paper Co.,* 5th Cir. 1969, 408 F.2d 283; *Jenkins,* supra; *Oatis,* supra. Hence Ms. Wilhite, who has met the procedural requirements, is a proper class representative whether or not other South Central Bell employees have done so. The claim of Ms. Wilhite is typical of those of the class. Nor does the fact that she is no longer an employee prevent her representing the class. *Wetzel,* supra, 508 F.2d, at 253. Class actions on behalf of past, present and future employees have been maintained by individuals who are no longer themselves employed. *Hackett v. McGuire Bros., Inc.,* 3d Cir. 1971, 445 F.2d 442; *United Transport. Union, Local 63E v. Penn Central Co.,* 6th Cir. 1971, 443 F.2d 131; *Johnson v. Georgia Highway Express Inc.,* 5th Cir. 1969, 417 F.2d 1122; *Wilson v. Monsanto Co.,* E.D.La.1970, 315 F.Supp. 977.

## II. IS THIS PROPERLY A CLASS ACTION?

■ The requisites of Rule 23(a)(3) are unquestionably met. The members are too numerous for joinder to be practical, although not so numerous as to render the class unmanageable. There are common questions of law and fact. That varying factual questions are presented by the claims of different employees is less important than the "Damoclean threat of a . . . discriminatory policy (that) hangs over the . . . class [and] is a question of fact common to all members of the class." *Johnson v. Georgia Highway Express, Inc.,* supra, 417 F.2d, at 1124.

■ While there are claims for back pay, and these may in fact be the fulcrum of the present litigation, this action ought be certified under 23(b)(2) and not 23(b)(3). See *Wetzel,* supra; *Franks v. Bowman Transportation Co.,* 5th Cir. 1974, 495 F.2d 398; *Pettway v. American Cast Iron Pipe Co.,* 5th Cir. 1974, 494 F.2d 211; *Johnson v. Goodyear Tire and Rubber Co., Synth. Rub. Pl.,* 5th Cir. 1974, 491 F.2d 1364; *Polston v. Metropolitan Life Ins. Co.,* W.D.Ky.1975, 11 FEP Cases 375. The requirements of 23(b)(2) are that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.[1]

## III. CWA HAS STANDING TO SUE ON BEHALF OF ITS MEMBERS: BUT NOT FOR BACK PAY:

In *Warth v. Seldin,* 1975, 422 U.S. 490, 511, 95 S.Ct. 2197, 2211–2212, 45 L.Ed.2d 343, the Court stated that an organization, even though it suffered no injury itself, has standing to represent its members who "are suffering . . . injury as a result of the challenged action of the sort that would make out a justifiable case had the members themselves brought suit." The organization could not, however, recover damages for individual members. This is especially true when, "damages claims are not common to the entire membership, nor shared by all in equal degree." *Id.,* at 2214. See in accord *Local 194 v. Standard Brands, Inc.,* 7 Cir. 1976, 540 F.2d 864, 175 BNA Daily Labor Reporter, D–1 (September 8, 1976), where the Seventh Circuit had "no difficulty in finding standing in the union to represent its members who have allegedly suffered from discriminatory employment practices insofar as injunctive and declaratory relief is concerned." *Id.*

The union is not, however, itself a member of the class; hence it does not meet the first requirement to maintain an action for

---

1. The aforementioned cases establish that these requirements are met even where the need for injunctive relief is obviated, and only the claim for monetary relief survives. See *Wetzel,* supra, at 251.

a class, that the representative be a member of the class and sue as a representative party. Rule 23(a) FRCP. Because it asserts a claim on behalf of its members, but not as a class action, the court in *Standard Brands,* supra, went on to hold, "the union does not, however, have standing to seek, on behalf of the class, back pay or other individualized forms of monetary relief."

Hence the union may represent its members in making a claim for injunctive relief; it may not assert their individual claims, nor may it have its claim treated as a class action.

## IV. DEFINING THE CLASS

In defining the class, attention must be given to the time when the claims of class members arose. This is important for 3 purposes: the jurisdictional requirements of Title VII, the back pay relief limits in Title VII; and the statute of limitations problems raised by state law. While these time limits affect only the claims for individual damages, those persons who have individual monetary claims are numerous enough to constitute an appropriate class for injunctive relief.

The two issues raised by specific provisions of Title VII concern Section 706(e), Title VII, which states: "A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . ." 42 U.S.C. § 2000e–5(e), and Section 706(g), which reads: ". . . back pay liability shall not accrue from a date more than two years prior to the filing of a charge with the Commission." 42 U.S.C. § 2000e–5(g). The charge relied on in this case was filed on April 12th, 1972. The suit was filed July 3, 1973.

There are three discrete problems raised by these provisions and by the statute of limitations. First, unless a complaint has been timely filed with the EEOC, Title VII prohibits any action by the EEOC, and hence necessarily bars a later judicial action. Secondly, Title VII limits the amount of substantive relief in the form of back pay that can be awarded, even when the charge is timely filed. Neither of these is a statute of limitations nor does Title VII elsewhere contain a period of limitations. See *U. S. v. Georgia Power Co.,* 5th Cir. 1973, 474 F.2d 906, holding that the 180 day provision is not a statute of limitation,[2] and *EEOC v. Griffin Wheel Co.,* 5th Cir. 1975, 511 F.2d 456. The third issue pertains to whether the *suit* itself was timely filed.

Ms. Wilhite's personal claim was timely filed with the EEOC. The question presented is the effect of this on those members of the class who had an actual claim for back pay but had not filed claims, and on those members of the class who had never been denied pay because they had not been pregnant.

Defendant contends that only those who were adversely affected on or after October 13, 1971 (180 days prior to the filing of charges which we will call S-Day minus 180) may be in the class. Plaintiff contends that 706(g), not 706(e), provides the controlling date, and that all aggrieved as of April 12, 1970 (2 years pre-filing), ought to be included.

Plaintiff's argument is that, if 706(e) is controlling, then 706(g), which specifically mentions "back pay", is meaningless. The argument is ill-conceived. 706(e) defines the time period within which a claim must be filed, or be forever barred. 706(g) begins with the premise that a claim has been timely filed, and limits an employer's back pay liability on such a claim to a period of two-years. The former provision concerns the procedural prerequisites to any relief, back pay or other; the latter provision governs the extent of relief that may be accorded to a litigant whose claim was timely filed.

Generally, an EEOC complaint must be filed within 180 days after the act

**2.** According to the court in *Griffin*: (706(g)) is not a prescription as to when suits must be filed. Clearly, *Congress simply meant to provide a maximum period during which an em-* ployer might be liable for back pay, but it did not thereby intend to modify the applicable state statute of limitation on the ability to bring suit. 511 F.2d, at 458.

complained of has occurred, or suit based on that act may not be brought. *East v. Romine Inc.*, 5th Cir. 1975, 518 F.2d 332. However, a plaintiff who has filed EEOC charges may bring a class action on behalf of those who have not filed but who are not yet time-barred by the 180 day provision from doing so. *Wetzel*, supra, 508 F.2d, at 246; *Bowe*, supra, 416 F.2d, at 719–720; *Oatis*, supra, 398 F.2d, at 499.

 All persons who took pregnancy-related absences after the charges were filed may also be represented. *Pettway v. American Cast Iron Pipe Co.*, 5th Cir. 1974, 494 F.2d 211, 256–257; *Bowe*, supra, 416 F.2d, 719–721; *Oatis*, supra, 398 F.2d, at 499. According to the court in *Pettway*: "Courts have allowed employees who have filed with the EEOC to represent a class whose members have not all filed and have approved the intervention of non-filing members. The basis for these decisions is that the opportunity for investigation and conciliation by the EEOC is adequately fulfilled by the filing of one charge of discrimination against an employer, so that filing

further claims would be superfluous." 494 F.2d, at 256.

 Thus for purposes of 706(e), Ms. Wilhite may represent all female non-supervisory employees with back pay claims deriving from pregnancy-related absences after October 13, 1971 (S–Day minus 180).[3] We must next determine whether these claims were asserted in a judicial action early enough to prevent the running of the statute of limitations, for the 180 day provision of 706(e) is not a statute of limitation.[4]

Both parties agree that the appropriate prescribed period is fixed by La.Civ.Code, Art. 3534, under which claims of workmen, laborers and servants, for the payment of their wages prescribes in one year.[5] Additionally, La.Civ.Code, Art. 3536, under which claims based in tort prescribe in one year, is applicable.[6]

 Filing charges with the EEOC served to toll these prescriptions. *Bowman Transport*, supra; 495 F.2d 398, 408; *Pettway*, supra; *Georgia Power*, supra; *EEOC v. National Cash Register*, N.D.Ga.1975, 405 F.Supp. 562, 574; *Pittman v. Anaconda Wire & Cable Co.*, E.D.N.C.1974, 408 F.Supp. 286, 794.[7] Hence, all claims arising

---

**3.** This class is adequate to represent claims for injunctive relief, as well as for any other remedies, beyond back-pay, that might be appropriate.

**4.** When a federal statute is silent concerning the timeliness of suit, the courts have implied an intention that some statute of limitation should be applied. They have achieved this by applying the state statute of limitations that would be applied to such a cause of action in the state in which the court sits. *EEOC v. Griffin*, supra; *Franks v. Bowman Transportation Co.*, 5th Cir. 1974, 495 F.2d 398; *Johnson v. Goodyear Tire & Rubber Co.*, supra; *Beard v. Stephens*, 5th Cir. 1967, 372 F.2d 685. Despite the multi-state character of the litigation, Louisiana's statutes of limitation have been deemed procedural, and hence provided the exclusive prescriptive period. *Sewerage and Water Board of New Orleans v. Sanders*, La.1972, 264 So.2d 270; *Jackson v. Continental Southern Lines, Inc.*, W.D.Ark.1959, 172 F.Supp. 809; *Meridian Fertilizer Factory v. Collier*, 1939, 193 La. 815, 819, 192 So. 358, 359; *Brown v. Stone*, 1849, 4 La.Ann. 235, 236; *Union Cotton Manufactory v. Lobdell*, La.1828, 7 Mart. (N.S.) 108. See also, Comment—Limi-

tation of Actions in the Conflict of Laws, 10 Louisiana Law Review 374, 375–376.

**5.** See, *Carey v. Greyhound Bus Co.*, E.D.La. 1975, 11 FEP Cases 1403, 1405, where Judge Boyle held this prescription applicable to a Title VII action for back wages. See also, *Hitzman v. Ethyl Corp.*, La.App.1949, 42 So.2d 155, rehearing denied, 42 So.2d 903, holding this prescription applies to an employee's suit for additional compensation under the Fair Labor Standards Act.

**6.** In seeking damages for violation of a statutory standard of care, plaintiffs have basically asserted a cause of action sounding in tort. See, *Delta Theater v. Paramount Pictures*, E.D. La.1958, 158 F.Supp. 644, applying La.Civ. Code, Art. 3536, to an action brought under the federal antitrust laws; and *Williams v. United States*, E.D.La.1973, 353 F.Supp. 1226, applying this prescription to a § 1983 action. But cf., *Lazard v. Boeing Co.*, E.D.La.1971, 322 F.Supp. 343, 346.

**7.** Although Louisiana courts have held that the running of a prescription period is tolled only

out of absences after April 12, 1971, which included all claims covered by the class, are timely for purposes of the state statute of limitations.

706(g), as noted earlier, sets a two-year maximum period for which back-pay may be recovered. Whether it preempts the more restrictive state prescriptions [8] is a question of substantive relief, and need not be decided at this time. As the court in *Pettway, supra,* noted, "Once class-wide discrimination has been demonstrated to result in disproportional earnings, a class-wide decision that back pay is appropriate can be discerned without deciding which members of the class are entitled to what amounts." 494 F.2d, at 257. See also, *Healen v. Eastern Air Lines,* N.D.Ga.1973, 8 FEP Cases 917, 921.

Thus this court will certify a class consisting of all female non-supervisory employees of South Central Bell who allegedly suffered as a result of defendant's benefit plan during a pregnancy-related absence which, at least in part, occurred on or after October 13, 1971.

by filing a complaint in a court of competent jurisdiction, *Foster v. Breaux,* La.1972, 270 So.2d 526; *Hazel v. Allstate Ins. Co.,* La.App. 1970, 240 So.2d 431, it is essential to the effectuation of the federal policies of EEOC reconciliation, that filing with the EEOC toll the statute, *Georgia Power, supra,* 474 F.2d at 925.

**8.** The court in *Griffin Wheel, supra,* apparently left the question open in stating, "Congress simply meant to provide a maximum period during which an employer might be liable for backpay, but it did not thereby intend to modify applicable state statutes of limitations *on the ability to bring suit.*" 511 F.2d, at 458 (emphasis added). See, *Carey, supra,* 1405, n. 13, where Judge Boyle considered the question an open one.