February 16, 2022

**Supreme Court**

No. 2020-117-Appeal.
(PC 16-60)

Webster Bank, National Association      :

v.                                      :

Arnold S. Rosenbaum et al.              :

NOTICE:   This opinion is subject to formal revision
before publication in the Rhode Island Reporter.  Readers
are requested to notify the Opinion Analyst, Supreme
Court of Rhode Island, 250 Benefit Street, Providence,
Rhode Island 02903, at Telephone (401) 222-3258 or
Email:    opinionanalyst@courts.ri.gov,    of    any
typographical  or  other  formal  errors  in  order  that
corrections may be made before the opinion is published.

Webster Bank, National Association   :

v.                  :

Arnold S. Rosenbaum et al.      :

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.** This case came before the Supreme Court on November 9, 2021, on appeal by the defendants, Arnold S. Rosenbaum and Judith A. Rosenbaum (collectively defendants), who seek review of a Superior Court judgment denying their motion for summary judgment and granting summary judgment in favor of the plaintiff, Webster Bank, National Association. On appeal, the defendants contend that the trial justice erred in applying the Rhode Island ten-year statute of limitations pursuant to G.L. 1956 § 9-1-13, rather than the Connecticut six-year statute of limitations under Connecticut General Statutes § 52-576, application of which would have barred the plaintiff's action for breach of a loan agreement. For the reasons stated in this opinion, we affirm the judgment of the Superior Court.

## Facts and Travel

On June 30, 2006, Arnold[1] entered into a Home Equity Consumer Revolving Loan Agreement and Disclosure Statement (the loan agreement) whereby plaintiff agreed to extend credit to Arnold in the maximum amount of $1 million, and Arnold agreed to repay in full upon the terms set forth in the loan agreement. The loan agreement was secured by a mortgage on property located in Portsmouth, Rhode Island. On May 30, 2008, both Arnold and Judith executed and delivered an Amended and Ratified Promissory Note (the amended note) that amended and restated the loan agreement by adding Judith as an obligor.

Pursuant to the amended note, defendants acknowledged and agreed that they were indebted to plaintiff for the amounts under the loan agreement and that they waived any defenses or offsets regarding notice. Since July 6, 2007, defendants have failed to make payments to plaintiff for the amounts extended under the loan agreement. Therefore, on January 6, 2016, plaintiff initiated an action in the Superior Court to recover under the loan agreement, which contained a choice-of-law clause providing, "Governing Law: Federal law and the law of the State of Connecticut (to the extent consistent with Federal law) govern this Agreement." The loan agreement did not dictate the choice of forum or the applicable statute of limitations that would govern. The defendants' breach of the

---

[1] For purposes of clarity, we sometimes refer to defendants by their first names. No disrespect is intended.

loan agreement is not in dispute; rather, the parties' only point of contention is whether Rhode Island or Connecticut law should govern the statute of limitations applicable to plaintiff's claim against defendants.[2]

In the Superior Court, defendants claimed that, because the parties agreed that Connecticut law would govern the loan agreement, the Connecticut statute of limitations should apply. The parties therefore filed cross-motions for summary judgment regarding this choice-of-law issue, and, after conducting the interest-weighing test, the trial justice granted plaintiff's motion and denied defendants' motion. The trial justice concluded that the balance tipped in plaintiff's favor on the issue and that the Rhode Island statute of limitations applied. Judgment in favor of plaintiff entered on November 15, 2019. The defendants timely appealed.

**Standard of Review**

"This Court reviews a grant of summary judgment *de novo*." *Sullo v. Greenberg*, 68 A.3d 404, 406 (R.I. 2013) (brackets omitted) (quoting *Sacco v. Cranston School Department*, 53 A.3d 147, 149-50 (R.I. 2012)). "Examining the case from the vantage point of the trial justice who passed on the motion for

---

[2] The Rhode Island statute of limitations set forth in G.L. 1956 § 9-1-13 provides, in pertinent part: "(a) Except as otherwise specially provided, all civil actions shall be commenced within *ten (10) years* next after the cause of action shall accrue, and not after." (Emphasis added.) The Connecticut statute of limitations delineated in § 52-576 of the Connecticut General Statutes states, in pertinent part: "(a) No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within *six years* after the right of action accrues[.]" (Emphasis added.)

summary judgment, 'we view the evidence in the light most favorable to the nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law, we will affirm the judgment.'" *Id.* at 406-07 (brackets omitted) (quoting *Sacco*, 53 A.3d at 150). "Summary judgment is appropriate only when the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Sola v. Leighton*, 45 A.3d 502, 506 (R.I. 2012) (brackets omitted) (quoting *Plunkett v. State*, 869 A.2d 1185, 1187 (R.I. 2005)). "Although summary judgment is recognized as an extreme remedy, * * * to avoid summary judgment the burden is on the nonmoving party to produce competent evidence that 'proves the existence of a disputed issue of material fact.'" *Sullo*, 68 A.3d at 407 (brackets omitted) (quoting *Mutual Development Corporation v. Ward Fisher & Company, LLP*, 47 A.3d 319, 323 (R.I. 2012)).

In *Harodite Industries, Inc. v. Warren Electric Corporation*, 24 A.3d 514 (R.I. 2011), we held that, "[a]lthough * * * this Court has never indicated in so many words precisely what standard of review applies to a trial court's ruling as to a choice of law issue, our case law is replete with instances in which we in effect reviewed same on a *de novo* basis." *Harodite Industries, Inc.*, 24 A.3d at 529 (citing *Najarian v. National Amusements, Inc.*, 768 A.2d 1253, 1255 (R.I. 2001);

*Cribb v. Augustyn*, 696 A.2d 285, 288 (R.I. 1997)).  Further, we noted that "the analysis of the policy considerations" under the interest-weighing approach "involves a pure issue of law," which we also review *de novo*. *Id.* at 530.

**Analysis**

On appeal, defendants argue that the trial justice erred in applying Rhode Island's ten-year statute of limitations to plaintiff's claim instead of Connecticut's six-year statute of limitations.  The defendants claim that the agreement upon which plaintiff sued them expressly provides that it shall be governed by federal law and Connecticut state law and that, under Connecticut law, plaintiff's claim would be barred because more than six years had passed between defendants' default in July 2007 and plaintiff's initiation of an action against them in January 2016.[3]  The defendants further contend that, even under the interest-weighing approach, the weight of the factors would indicate that the Connecticut statute of limitations is the most appropriate statute to apply.

The defendants cite to *Martin v. Law Offices Howard Lee Schiff, P.C.*, No. 11-484S, 2012 WL 7037743 (D.R.I. 2012)—a case from the United States District Court for the District of Rhode Island regarding a choice-of-law analysis—in

---

[3] The record transmitted to this Court on appeal reveals that defendants also raised an argument involving Rhode Island's borrowing statute set forth in G.L. 1956 § 9-1-18; however, this was not addressed by the trial justice or raised in this appeal. Therefore, this argument will be deemed waived.

support of their argument that the Rhode Island statute of limitations should not apply when the parties contractually agreed to another state's law as the governing law. In *Martin*, the court applied the interest-weighing approach and determined that the factors weighed in favor of applying Virginia's statute of limitations. *Martin*, 2012 WL 7037743, at *3, *4. This case, however, is neither binding upon this Court, nor comparable to our set of facts. In *Martin*, there were no facts to suggest that the defendant-creditor had offices in Rhode Island, and there was no connection to Rhode Island, except that the plaintiff had moved to Rhode Island after default on her credit-card payments and had filed the action in Rhode Island. *Id.*

The plaintiff contends that, absent a contractual provision specifically dictating a choice of law for procedural issues or the statute of limitations, Rhode Island courts should apply a choice-of-law analysis under the interest-weighing approach, which would favor the application of Rhode Island's statute of limitations in this case. The plaintiff also requests that this Court take this opportunity to adopt the majority rule of other states, which have held statutes of limitation to be procedural in nature and thus do not require a choice-of-law analysis.

**A**

**Rhode Island's Choice-of-Law Rules**

We have stated that "the procedural law of the forum state applies even if a foreign state's substantive law is applicable." *Terrace Group v. Vermont Castings, Inc.*, 753 A.2d 350, 353 (R.I. 2000) (quoting *Israel v. National Board of Young Men's Christian Association*, 117 R.I. 614, 620, 369 A.2d 646, 650 (1977)). Generally, in Rhode Island, "parties are permitted to agree that the law of a particular jurisdiction will govern their transaction." *Id.* (quoting *Sheer Asset Management Partners v. Lauro Thin Films, Inc.*, 731 A.2d 708, 710 (R.I. 1999)). "This Court previously has held that choice-of-law provisions are enforceable if the intention of the parties to stipulate to the jurisdiction is made clear by express language or by the 'facts and circumstances attending the making of the contract.'" *DeCesare v. Lincoln Benefit Life Company*, 852 A.2d 474, 481 (R.I. 2004) (emphasis omitted) (quoting *Owens v. Hagenbeck-Wallace Shows Co.*, 58 R.I. 162, 173-74, 192 A.2d 158, 164 (1937)). There are limitations, however. Barring certain circumstances, Rhode Island will not apply the law of the chosen state if it contravenes fundamental public policy. *See Commerce Park Realty, LLC v. HR2-A Corp.*, 253 A.3d 1258, 1270 (R.I. 2021). Rhode Island also will not apply the law of the chosen state if "the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice."

*DeFontes v. Dell, Inc.*, 984 A.2d 1061, 1067 (R.I. 2009) (quoting *Sheer Asset Management Partners*, 731 A.2d at 710).

In the absence of a contract where the parties agree to governing law, this Court will apply its forum choice-of-law rules. *See DeCesare*, 852 A.2d at 483-84. In conducting a choice-of-law analysis for tort cases, we have looked to the "interest-weighing" approach. *See, e.g.*, *Harodite Industries, Inc.*, 24 A.3d at 534. For contract cases, this Court has not adopted a definitive analysis. In *DeCesare*, we held that "[i]n the absence of a contractual stipulation about which law controls, Rhode Island's conflict-of-laws doctrine provides that the law of the state where the contract was executed governs." *DeCesare*, 852 A.2d at 483-84; *cf. Commerce Park Realty, LLC*, 253 A.3d at 1271-72 (applying Rhode Island law where the law of the chosen state contravenes fundamental public policy and Rhode Island has a materially greater interest in the controversy). Nevertheless, in *Harodite*, this Court broadly stated that, "[w]ith respect to choice of law questions, this Court has adopted the 'interest-weighing' approach." *Harodite Industries, Inc.*, 24 A.3d at 534 (citations omitted).

With respect to statutes of limitation, this Court previously has held that the statute of limitations of the forum state governs. *Byron v. Great American Indemnity Co.*, 54 R.I. 405, 407-08, 173 A. 546, 547 (1934) ("Such an action is controlled by the statute of limitations of the state where the action is commenced,

and not by the statute of the state where the cause of action accrued."); *Staples v. Waite*, 30 R.I. 516, 519, 76 A. 353, 354 (1910) ("[N]o rule is better settled than that the statute of limitations of the state in which the action is brought is to prevail, and not that of the state in which the contract was made[.]").  However, more recently, we have applied an interest-weighing approach to determine which statute of limitations should apply. *See Harodite Industries, Inc.*, 24 A.3d at 534, 535; *see also Cribb*, 696 A.2d at 288.  We shall adhere to that analysis in the case at bar.

In carrying out the interest-weighing approach, "we look at the particular facts and determine therefrom the rights and liabilities of the parties in accordance with the law of the state that bears the *most significant relationship* to the event and the parties." *Harodite Industries, Inc.*, 24 A.3d at 534 (alteration omitted) (quoting *Cribb*, 696 A.2d at 288).  In *Woodward v. Stewart*, 104 R.I. 290, 243 A.2d 917 (1968), we set forth the factors, based on policy considerations that must be taken into account in making a choice-of-law determination, as follows:

> "(1) Predictability of results.
>
> "(2) Maintenance of interstate and international order.
>
> "(3) Simplification of the judicial task.
>
> "(4) Advancement of the forum's governmental interests.

"(5) Application of the better rule of law." *Woodward*, 104 R.I. at 300, 243 A.2d at 923.[4]

## B

## Choice-of-Law Conclusion

During the hearing on the parties' cross-motions for summary judgment, the trial justice concluded that Connecticut had "very little relationship to this matter, other than the fact that the bank may be headquartered there." Therefore, the trial justice declined to enforce the choice-of-law provision and proceeded to conduct an interest-weighing analysis, finding that most of the policy-based factors tipped in favor of applying Rhode Island law. We agree with this outcome.

More specifically, the trial justice first found that, in terms of the predictability factor, defendants should have been able to predict that "a bank which extended a loan to them presumably in Rhode Island, from the Rhode Island or one of the Rhode Island branches to them as Rhode Island residents, which is secured by their Rhode Island home" would sue them in Rhode Island. Second, the trial justice concluded that, with respect to the maintenance of interstate order,

---

[4] In addition, in a case sounding in tort, we have held that additional factors are to be considered. *See Harodite Industries, Inc.*, 24 A.3d at 534. The factors include: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil [*sic*], residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Id.* (citation omitted). This further deliberation applies only to tort cases; therefore, we are not compelled to consider any additional contract factors here.

the states' interests are less significant in a contract case than they are in a tort case. The trial justice reasoned that Connecticut would not be offended by the application of the Rhode Island statute of limitations because Rhode Island law provided better protection to a Connecticut-headquartered organization by extending the limitation period. Similarly, she found that Rhode Island would not be offended by such application because the General Assembly purposefully enacted a ten-year statute of limitations to afford a longer limitation period for contract actions.

Concerning the factor relating to simplification of judicial task, the trial justice found no problem with applying either state's statute of limitations, and that applying the Rhode Island statute of limitations would be "fairly simple[.]" Regarding the advancement of governmental interests of the forum state, the trial justice concluded that the analysis would be very similar to the simplification-of-judicial-task factor. She reasoned that Connecticut did not have an interest in depriving its citizen, plaintiff, of a remedy, or in protecting Rhode Island residents from suit; on the other hand, the trial justice found that Rhode Island had an interest in applying its own statute of limitations to suits brought in the state concerning Rhode Island residents. Lastly, in terms of the better rule of law, the trial justice found this factor to be the most difficult to apply because the loan agreement specified that Connecticut law would apply; however, she noted that the

loan agreement did not include a choice-of-forum clause, a choice of procedural rules, or a specific statute of limitations. Therefore, she concluded that the Rhode Island statute of limitations would be the better rule of law to apply because it provided a plaintiff with more time to file suit and recover.

Because the loan agreement does not clearly specify either the choice of forum or the statute of limitations that would apply to the case at bar, based on this Court's precedent, we are bound to apply our interest-weighing approach to determine which state's statute of limitations would apply. *See Harodite Industries, Inc.*, 24 A.3d at 534; *see also Cribb*, 696 A.2d at 288. Although we review the trial justice's analysis in a *de novo* manner, we perceive no reason to replicate the trial justice's thoughtful analysis under the interest-weighing approach, with which we are in whole accord. *See Harodite Industries, Inc.*, 24 A.3d at 534 ("Although we review the hearing justice's analysis * * * in a *de novo* manner, we perceive no reason to replicate [his or her] thoughtful analysis[.]").

The plaintiff has requested that this Court adopt a rule that statutes of limitation are procedural in nature; however, such a rule would not change the outcome of this case, as we have held that Rhode Island law controls. Therefore,

in the context of this case, we do not see a reason to deviate from applying our holding in *Harodite*.[5]

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.  The papers in this case may be remanded to the Superior Court.

---

[5] In a different case, we might opt to re-examine our choice-of-law rules for statutes of limitation.  We also bear in mind that, had defendants argued the applicability of the borrowing statute on appeal, the outcome might have been different.  Lastly, we suggest that the better practice regarding choice-of-law contract provisions is to also indicate in the contract the choice of forum preferred by the parties.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Webster Bank, National Association v. Arnold S. Rosenbaum et al. |
| **Case Number** | No. 2020-117-Appeal. (PC 16-60) |
| **Date Opinion Filed** | February 16, 2022 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Melissa E. Darigan |
| **Attorney(s) on Appeal** | For Plaintiff: Lisa M. Kresge, Esq. |
| | For Defendants: Joseph F. Hook, Esq. |